**William F. MILLER, Plaintiff,**

v.

**UNITED STATES, et al., Defendants.**

**Civil Action No. 96–0220 (PLF).**

United States District Court,
District of Columbia.

May 16, 1997.

Sandra Lee Brown, David Patrick Durbin and James Francis Jordan, Jordan Coyne & Savits, Washington, DC, for plaintiff.

William Mark Nebeker, Assistant U.S. Attorney, Washington, DC, for defendant.

*OPINION*

PAUL L. FRIEDMAN, District Judge.

William F. Miller, who is presently incarcerated, brings this civil rights action under 42 U.S.C. § 1983 and the Administrative Procedure Act, 5 U.S.C. § 553 *et seq.* He alleges that the Federal Bureau of Prisons has violated his constitutional and statutory rights by its restrictive interpretation of 18 U.S.C. § 3621(e)(2)(B) which permits a one-year sentence reduction for nonviolent offenders who successfully complete a substance abuse treatment program. Plaintiff seeks declaratory and injunctive relief and damages. Defendants have moved to dismiss.

## I. BACKGROUND

Plaintiff pleaded guilty in the United States District Court for the District of New Mexico to possession with intent to distribute less than 50 kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D), and to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g) and 924(a)(2). He was sentenced to 46 months' imprisonment. On March 21, 1997, plaintiff successfully completed a 500 hour substance abuse treatment program.[1] The Bureau of Prisons has determined, however, that plaintiff is ineligible for early release under 18 U.S.C. § 3621(e)(2)(B) because he is not a "nonviolent offender" under BOP Program Statement 5162.02 ("P.S. 5162.02") by virtue of his plea of guilty to a violation of 18 U.S.C. § 922(g).[2]

## II. DISCUSSION

This case presents the issue of whether the BOP exceeded its authority when it included the "felon in possession" offense of 18 U.S.C. § 922(g) in its definition of a violent crime for the purposes of applying 18 U.S.C. § 3621(e)(2)(B). The Ninth Circuit recently rejected the BOP's interpretation of Section 3621(e) based on its treatment of gun possession as a violent offense. *See Downey v. Crabtree,* 100 F.3d 662, 667–68 (9th Cir.1996). The government has provided copies of unpublished decisions by several district courts that reached the opposite conclusion and have upheld the BOP's treatment of a felon-in-possession conviction as a violent offense. *See Fonner v. Thompson,* C.A. No. 96–0026, Slip Op. at 4 (N.D.W.Va. Jan. 29, 1997); *Litman v. U.S. Bureau of Prisons,* C.A. No. 96–1207, Slip Op. at 8–9 (D.N.J. July 31, 1996); *Sorrells v. U.S. Bu-*

---

1. Plaintiff initially complained that he had been denied entrance to such a program; that aspect of his complaint is now moot.

2. The government appears to concede that plaintiff is not considered a violent offender by virtue of his drug conviction. *See* Defs.' Mot. 7–8.

*reau of Prisons,* C.A. No. 96–0155, Slip Op. at 2 (W.D. Tex. June 10, 1996).[3]

18 U.S.C. § 3621(e)(2)(B) was passed as part of the Violent Crime Control and Law Enforcement Act of 1994 ("VCCLEA"), Pub.L. No. 103–322, 108 Stat. 1796, 1897 (1994). It provides:

> The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

18 U.S.C. § 3621(e)(2)(B). VCCLEA does not define the term "nonviolent offense" for the purposes of this section, but it refers in a nearby section to "a crime of violence (as defined in section 924(c)(3))." *See* 18 U.S.C. § 4042(b)(3).[4] Both sides assume that a non-violent offense is the converse of a crime of violence. *See* Defs.' Mot. at 6; Pl.'s Opp'n at 9. Indeed, the BOP expressly incorporates the "crime of violence" definition of 18 U.S.C. § 924(c)(3) in its regulations governing consideration for early release. *See* 28 C.F.R. § 550.58. *See also Downey v. Crabtree,* 100 F.3d 662, 666–68 (9th Cir.1996) (treating "non-violent offense" as the converse of "crime of violence"). Defendants maintain, however, that the BOP is not strictly constrained by the definition of "crime of violence" in Section 924(c)(3) but can expand upon it where it sees fit.[5]

The central question is whether the offense to which plaintiff pleaded guilty—being a

---

**3.** The BOP's construction of the statute is contained in P.S. 5162.02, an internal agency guideline, and not in "published regulations subject to the rigors of the Administrative Procedure Act...." *Reno v. Koray,* 515 U.S. 50, 61, 115 S.Ct. 2021, 2027, 132 L.Ed.2d 46 (1995). Therefore even if the Court were obliged to defer to the agency's interpretation under *Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984), P.S. 5162.02 is only entitled to "some deference" and not the full-fledged deference accorded notice and comment regulations. *Reno v. Koray,* 515 U.S. at 61, 115 S.Ct. at 2027.

Defendants argue that this Court lacks jurisdiction to review the Program Statement at all under 18 U.S.C. § 3625 which precludes APA review of "any determination, decision, or order under this subchapter," this subchapter being "Imprisonment." While Section 3625 might preclude judicial review of a specific decision with regard to the imprisonment, release or transfer of a particular prisoner, *see Lyle v. Sivley,* 805 F.Supp. 755, 759–60 (D.Ariz.1992), it does not preclude review of the BOP's statutory authority to promulgate the Program Statement in the first instance. *Id.; see also Wiggins v. Wise,* Civil Action No. 96–0113 at 30–35 (S.D.W.Va. May 29, 1996), Pl.'s Mot., Ex. A.

**4.** In yet another context, VCCLEA defined a "violent offender" as someone who:

> (1) is charged with or convicted of an offense, during the course of which offense or conduct—
> (A) the person carried, possessed, or used a firearm or dangerous weapon;
> (B) there occurred the death of or serious bodily injury to any person; or
> (C) there occurred the use of force against the person of another. without regard to whether any of the circumstances described in subparagraph (A), (B), or (C) is an ele-

ment of the offense or conduct of which or for which the person is charged or convicted; or
> (2) has one or more prior convictions for a felony crime of violence involving the use or attempted use of force against a person with the intent to cause death or serious bodily harm.

VCCLEA, 42 U.S.C. § 3796ii–2. This definition of "violent offender" was promulgated in connection with the establishment of a grant program to support drug courts and substance abuse programs; violent offenders are barred from participation in such programs. *See* 42 U.S.C. § 3796ii–1. This section, and thus this statutory definition, was subsequently repealed. *See* Pub.L. 104–134, 110 Stat. 1321 (May 2, 1996).

**5.** The Court notes that in a somewhat different context the D.C. Circuit has held that non-violent offenses and crimes of violence are not always strict opposites under the United States Sentencing Guidelines. *See United States v. Chatman,* 986 F.2d 1446 (D.C.Cir.1993). Offenses that may be "crimes of violence" under U.S.S.G. § 4B1.2 (imposing career offender enhancements) can *also* be "non-violent offenses" under U.S.S.G. § 5K2.13 (permitting a downward departure where a defendant has committed a "non-violent offense" while suffering from significantly reduced mental capacity). *Id.* The court decided that the policy considerations underlying reduced mental capacity departures require that the term "nonviolent offense" be interpreted broadly and with considerations of lenity in mind, while career offender enhancements do not. *Id.* at 1452. If anything, the court's reasoning in *Chatman* undermines the BOP's position in the instant case that it has the authority to expand the definition of violent offenses to categorically deny early release to prisoners who have successfully completed drug treatment programs.

felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)—is a crime of violence or a nonviolent offense. 18 U.S.C. § 924(c)(3) defines "crime of violence" for the purpose of imposing penalties for firearms offenses as:

an offense that is a felony and—

(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). P.S. 5162.02, entitled "Definition of Term 'Crimes of Violence,'" incorporates this definition, but then goes further and enumerates various criminal code sections the violation of which the BOP treats as violent crimes as a matter of policy. P.S. 5162.02 lists 18 U.S.C. § 922(g), the section under which plaintiff was convicted, as such a crime. In fact it lists it twice, both in Section 7, which defines offenses that are crimes of violence in all cases, and in Section 10, which defines offenses that may be crimes of violence depending on a variety of factors. See P.S. 5162.02 at 3, 11.[6]

Plaintiff argues that every court to have interpreted Section 922(g), including the Supreme Court, has held that the felon-in-possession offense is not a violent offense for the purposes of sentencing. See Stinson v. United States, 508 U.S. 36, 47, 113 S.Ct. 1913, 123 L.Ed.2d 598 (1993); Downey v. Crabtree, 100 F.3d at 667; United States v. Talbott, 78 F.3d 1183, 1189 (7th Cir.1996); United States v. Gary, 74 F.3d 304, 316 (1st Cir.1996); United States v. Saffeels, 39 F.3d 833, 834 (8th Cir.1994); United States v. Canon, 993 F.2d 1439, 1441 (9th Cir.1993) (Section 922(g)

is not a crime of violence for the purposes of the imposition of penalties under 18 U.S.C. § 924(c)(1)). Defendants maintain that the interpretation of Section 922(g) as an initial sentencing matter—either under the Sentencing Guidelines or under the sentencing enhancement provisions of 18 U.S.C. § 924—should not preclude the BOP from exercising its considerable authority to interpret Section 922(g) as it sees fit in the context of a reduction of the period of incarceration for an individual already in custody.

■ The Court agrees with defendants that the fact that the Sentencing Guidelines treat Section 922(g) as a nonviolent crime is not dispositive. In 1992, the Sentencing Commission amended the Guidelines to make clear that Section 922(g) is not a crime of violence for guideline sentencing purposes and cannot serve as the predicate crime for a designation of "career offender" under Section 4B1.1 of the United States Sentencing Guidelines. See U.S.S.G. § 4B1.2, comment. (n.2).[7] The Supreme Court, in turn, held that the application note is binding on courts for the purposes of sentencing under the Guidelines. Stinson v. United States, 508 U.S. at 47. That holding, of course, is not the same as a global decision that the offense proscribed by Section 922(g) itself is a nonviolent crime for all purposes. Nor does the fact that the Sentencing Commission treats Section 922(g) as a nonviolent crime necessarily mean that either the BOP or the courts must do so in other circumstances. See Downey v. Crabtree, 100 F.3d at 666 ("Although deference is extended to the Bureau's interpretation of 'convicted of a nonviolent offense' under § 3621(e)(2)(B), the federal courts have ultimate responsibility to determine which offenses are violent and

---

6. Defendants in their Motion to Dismiss actually rely on Section 9 of P.S. 5162.02 which defines offenses that may be crimes of violence depending on the specific offense characteristics assigned in the prisoner's Presentence Investigation Report. See also Pl.'s Opp'n at 11 ("Section 9 ... is the categorization which BOP has used ... [in its] determination that he is ineligible for early release as a violent offender."). Section 9, however, does not list Section 922 or Section 924 as potentially violent crimes. Since the issue is

whether or not the BOP has the authority to define the "felon in possession" offense as a crime of violence, the fact that defendants may have relied, either in the first instance or during litigation, on the wrong section of the Program Statement is irrelevant for these purposes.

7. The Guidelines' definition of "crime of violence" uses language very similar to the statutory definition in 18 U.S.C. § 924(c)(3).

nonviolent under the Sentencing Guidelines.").

As a matter of statutory interpretation, the Court concludes that Section 922(g) is not a crime of violence as defined by either Subsection (A) or (B) of 18 U.S.C. § 924(c)(3). Section 924(c)(3)(A) defines a crime of violence as an offense that has as an element the "use" of physical force, either actual, attempted or threatened. Section 922(g) by its terms establishes only that an individual who has previously been convicted of a felony "possessed" a firearm.[8] The Supreme Court has made it abundantly clear in the context of gun offenses that " 'use' means more than mere possession." *Bailey v. United States*, —— U.S. ——, ——, 116 S.Ct. 501, 506, 133 L.Ed.2d 472 (1995). It means *"active employment* of the firearm by the defendant. . . ." *Id.* at 505. Indeed, the Court expressly distinguished Section 922(g) as a mere "possession" offense from Section 924(c)(1), a "use" offense. *Id.* at 506. *See also United States v. Canon,* 993 F.2d at 1441.

Section 924(c)(3)(B) applies only where the offense "by its nature, involves a substantial risk that physical force . . . may be used in the course of committing the offense." This language also does not cover the felon-in-possession offense. No violence need be used "in the course of committing" this offense, that is, in the coming into possession of the weapon. *See United States v. Doe,* 960 F.2d 221, 225 (1st Cir.1992). As then-Chief Judge Breyer reasoned, "simple possession, even by a felon, takes place in a variety of ways (e.g., in a closet, in a store room, in car, in a pocket) many, perhaps most, of which do not involve likely accompanying violence." *Id.* at 225.

Furthermore, while the Sentencing Guidelines are not dispositive, the fact that they treat Section 922(g) as a nonviolent crime is significant. As a matter of statutory interpretation, the Supreme Court in *Stinson* held that the Guidelines' application note excluding Section 922(g) from the definition of crimes of violence "does not run afoul off . . . a federal statute." *Stinson v. United States,* 508 U.S. at 47. The First, Seventh and Ninth Circuits have all concluded that being a felon in possession of a firearm is not a violent crime under the Sentencing Guidelines or, in the case of the First and Ninth Circuits, in determining penalties under 18 U.S.C. § 924. *See Downey v. Crabtree,* 100 F.3d at 666 (§ 922(g) not a crime of violence under U.S.S.G. §§ 4B1.2 and 5K2.13 or under 18 U.S.C. § 3621(e)(2)(B)); *United States v. Canon,* 993 F.2d at 1441 (922(g) not a crime of violence under 18 U.S.C. § 924(c)); *United States v. Doe,* 960 F.2d 221, 223–24 (1st Cir.1992) (the term "violent felony" referenced in 18 U.S.C. § 924(e) does not include the felon-in-possession offense); *United States v. Chapple,* 942 F.2d 439, 442 (7th Cir.1991) (§ 922(g) not a crime of violence under the Sentencing Guidelines where possession of the weapon was completely passive).

Moreover, the BOP's position would inject a disturbing inconsistency into the statutory and sentencing scheme governing crimes of violence. On the one hand, Section 922(g) may not be treated as a violent crime when sentencing an offender. *Stinson v. United States,* 508 U.S. at 47. The BOP, however, would have the Court hermetically seal the *Stinson* holding and treat it as if it had no bearing on the intimately related question of whether that same offender, having completed a substance abuse program, is entitled to consideration for a one-year reduction in his period of incarceration, a period determined in the first instance by those very same Guidelines. Indeed, the BOP itself relies heavily on the Guidelines, and P.S. 5162.02 incorporates the Guidelines by reference in making determinations under Sections 8 and 9 about whether or not a crime is considered violent. Since the BOP uses the specific offense characteristics contained in the Guidelines to define violent crimes, it cannot coherently reject the Guidelines' own definition and interpretation of violent crime, and

---

8. Section 922(g) makes it unlawful for a person convicted of a felony to "ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." 18 U.S.C. § 922(g).

there is certainly no reason for the Court to defer to its decision to do so.

In sum, the plain language of 18 U.S.C. § 924(c)(3) and the demands of statutory interpretive consistency require the conclusion that Section 922(g) is not a crime of violence for the purposes of 18 U.S.C. § 3621(e)(2)(B).

## III. RELIEF

■■■ This legal conclusion does not mean that plaintiff is entitled to a one-year reduction in his sentence. Section 3621(e)(2)(B) makes clear that the one-year reduction is discretionary with the BOP. *See Downey v. Crabtree,* 100 F.3d at 671. Accordingly, plaintiff has no liberty interest in the reduction. *See Sandin v. Conner,* 515 U.S. 472, —————, 115 S.Ct. 2293, 2299–2300, 132 L.Ed.2d 418 (1995). Plaintiff, however, is entitled to be considered for such a one-year reduction since he has successfully completed the substance abuse treatment program. In addition, and equally important, he is entitled to be classified as a nonviolent offender.[9]

An Order consistent with this Opinion is entered this same day.

SO ORDERED.

## *ORDER AND JUDGMENT*

This case is before the Court on defendants' motion to dismiss. For the reasons stated in the accompanying Opinion issued this same day, it is hereby

ORDERED that defendants' motion to dismiss is DENIED; it is

FURTHER ORDERED that JUDGMENT is entered for plaintiff; it is

DECLARED that the offense defined by 18 U.S.C. § 922(g) is a nonviolent offense for the purposes of 18 U.S.C. § 3621(e)(2)(B) and that it is not a crime of violence as defined by 18 U.S.C. § 924(c)(3); it is

FURTHER DECLARED that the Bureau of Prisons exceeded its statutory authority when it determined that prisoners convicted of an offense under 18 U.S.C. § 922(g) are thereby rendered ineligible for consideration

for a one-year sentence reduction under 18 U.S.C. § 3621(e)(2)(B); it is

FURTHER DECLARED that to the extent that it is inconsistent with the accompanying Opinion issued this same day, BOP Program Statement 5162.02 is unenforceable; and it is

FURTHER ORDERED that if the parties are unable to come to an agreement regarding attorneys' fees and costs, plaintiff may submit a request for attorneys' fees and costs on or before May 28, 1997; defendants may respond on or before June 11, 1997.

SO ORDERED.

---

9. Plaintiff originally sought damages but now concedes that the United States has not waived its sovereign immunity for money damages. *See* Pl.'s Opp'n at 15 n. 6.