Robert Eugene **McPEEK**, Petitioner,

v.

Mark **HENRY**, Warden, Respondent.

No. Civ.A. AMD 98–547.

United States District Court,
D. Maryland.

Aug. 12, 1998.

Robert Eugene McPeek, Cumberland, MD, pro se.

Lynne A. Battaglia, U.S. Attorney, Baltimore, MD, Larry D. Adams, Assistant U.S. Attorney, for Respondent.

## MEMORANDUM

DAVIS, District Judge.

On February 23, 1998, petitioner, a federal prisoner currently incarcerated at the Federal Correctional Institution located in Cumberland, Maryland, filed the instant federal habeas corpus application pursuant to the provisions of 28 U.S.C. § 2241. He is serving a 46–month federal term for convictions under 18 U.S.C. § 922(g)(1) (possession of a firearm by a convicted felon), 21 U.S.C. § 846 (conspiracy to possess with intent to distribute and to distribute 1,000 kilograms or more of marijuana), and 18 U.S.C. § 1956(a)(1)(A)(i) (money laundering). Petitioner contends that he is eligible for a sentence reduction of up to one year for having completed a residential drug abuse program.[1] He complains that the Bureau of Prisons ("BOP") is illegally denying him eligibility for this sentence credit based on its erroneous determination that his conviction under 18

---

1. Respondent concedes that petitioner completed the 500–hour Residential Drug Abuse Treatment Program offered by the Bureau of Prisons.

U.S.C. § 922(g)(1) is not a "nonviolent offense," as required for eligibility under 18 U.S.C. § 3621(e)(2)(B).[2]

## I. STANDARD OF REVIEW

■ Significant deference is due regulations promulgated in accordance with the notice and comment requirements of the Administrative Procedure Act ("APA"). *See Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 843–44, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984) (holding that "legislative regulations are given controlling weight unless they are arbitrary, capricious or manifestly contrary to the statute"). However, Congress explicitly excluded 18 U.S.C. §§ 3621–3626 from the requirements of § 554 (adjudications), § 555 (ancillary matters), and §§ 701–706 (right of judicial review) of the APA. 18 U.S.C. § 3625. Accordingly, the APA does not define the scope of review of BOP action. Where regulatory action is not subject to the APA, it is entitled only to "some deference." *Reno v. Koray*, 515 U.S. 50, 61, 115 S.Ct. 2021, 132 L.Ed.2d 46 (1995) (BOP's program statements are not subject to APA entitling them, therefore, only to some deference).

■ Where a statute does not define a term, the BOP has broad discretion to adopt any reasonable definition. However, that discretion does not immunize the BOP decision from judicial review. *Davis v. Crabtree*, 109 F.3d 566, 568 (9th Cir.1997), citing *Downey v. Crabtree*, 100 F.3d 662, 666 (9th Cir. 1996). A court may review allegations that an agency: (1) has violated the constitution, *Webster v. Doe*, 486 U.S. 592, 603–604, 108 S.Ct. 2047, 100 L.Ed.2d 632 (1988); or (2) has interpreted a statute contrary to well-settled case law, *Neal v. United States*, 516 U.S. 284, 294, 116 S.Ct. 763, 133 L.Ed.2d 709 (1996)

(holding that *stare decisis* required the court to adhere to a prior statutory interpretation despite the agency's subsequent interpretation of the statute contrary to the settled law).

## II. ANALYSIS

■ This case presents the issue of whether the BOP's interpretation of the term "nonviolent offense," as provided in 18 U.S.C. § 3621(e)(2)(B), is contrary to settled law.[3] Section 3621(e)(2)(B) of Title 18 was passed as part of the Violent Crime Control and Law Enforcement Act of 1994, Pub.L. No. 103–322, and grants the BOP authority to reduce sentences of prisoners who have completed a BOP substance abuse treatment program. The statute provides, in relevant part:

(A) Generally.—Any prisoner who, in the judgment of the Director of the [BOP], has successfully completed a program of residential substance abuse treatment provided under paragraph (1) of this subsection, shall remain in the custody of the [BOP] under such conditions as the [BOP] deems appropriate....

(B) Period of Custody.—The period a prisoner convicted of a *nonviolent offense* remains in custody after successfully completing a treatment program may be reduced by the [BOP], but such reduction may not be more than one year from the term the prisoner must otherwise serve.

18 U.S.C. § 3621(e)(2) (emphasis added). The statute does not define "nonviolent offense."

Pursuant to 18 U.S.C. § 3621, the BOP promulgated a regulation, among others, regarding eligibility for the sentence reduction program. 28 C.F.R. § 550.58 (1997) ("the regulation"). Although the BOP promulgated an amended regulation on October 15,

---

2. 18 U.S.C. § 922(g)(1) provides:
    (g) It shall be unlawful for any person—
    (1) who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

3. Petitioner does not present a valid constitutional challenge because no cognizable liberty interest is at issue. "[T]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Nebraska Penal Inmates*, 442 U.S. 1, 7, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979).

1997, which was effective October 9, 1997, *see* 62 Fed.Reg. 53690–91 (October 15, 1997) (to be codified at 28 C.F.R. § 550.58), petitioner and respondent argued their positions in this case relying on the pre-October 1997 regulation.[4] The regulation stated, in relevant part:

> an inmate who completes a residential drug abuse treatment program ... during his or her current commitment may be eligible ... for early release by a period not to exceed 12 months. The following categories of inmates are not eligible: ... inmates whose current offense is determined to be a *crime of violence as defined in 18 U.S.C. § 924(c)(3)* ....

Program Statement 5162.02 is the BOP's effort to further elucidate the import of the regulation. It lists a violation of 18 U.S.C. § 922(g) as a crime of violence "in all cases." P.S. 5162.02, § 7. P.S. 5330.10 in effect at the

time of the denial of petitioner's eligibility further provides that inmates convicted of offenses considered "crimes of violence" are not eligible for early release consideration.[5] P.S. 5330.10, Ch. 6.1.

The parties' arguments focus on whether 18 U.S.C. § 922(g)(1) constitutes a "crime of violence as defined in 18 U.S.C. § 924(c)(3)." Section 924(c)(3) defines a "crime of violence" as follows:

> (3) For purposes of this subsection the term "crime of violence" means an offense that is a felony and—
>
> > (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> >
> > (B) that by its nature, involves a substantial risk that physical force against the person or property of another may

---

4. It is not entirely clear from the record whether the old or the new regulation should have been applied by the BOP to petitioner's application for a sentence reduction. The record does not disclose the date of the BOP's initial denial of eligibility. Interestingly, a BOP form provided by petitioner reflects that he was informed on November 12, 1996, that he was "eligible for residential drug treatment and consideration for early release contingent upon successful completion of ... the drug program." Petition at Exh. 4. Sometime after November 12, 1996, petitioner's notice of eligibility was apparently rescinded or disregarded, and he was informed that he was *not* eligible for a sentence reduction. The record does not reveal when this occurred. The most that can be inferred is that it occurred sometime between November 12, 1996, and November 13, 1997, the date the warden denied petitioner's first appeal in the administrative review process. Petition at Exh. 1. Resolution of this issue, however, is not material because the result would be the same under either regulation.

The interim regulation provides, in relevant part:

> An inmate who was sentenced to a term of imprisonment ... for a nonviolent offense ... and successfully completes a residential drug abuse treatment program ... may be eligible, in accordance with paragraph (a) of this section, for early release by a period not to exceed 12 months.
>
> (a) Additional early release criteria.
>
> (1) As an exercise of the discretion vested in the Director of the Federal Bureau of Prisons, the following categories of inmates are not eligible for early release: ...
>
> (vi) Inmates whose current offense is a felony: ...

> (B) That involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives ...

62 Fed.Reg. 53690 (October 15, 1997) (to be codified at 28 C.F.R. § 550.58).

Although the BOP has broad discretion to define terms not defined by statute, its definition must not violate settled principles of law or ignore the plain meaning of the statute. As discussed in text, the Fourth Circuit has concluded that, for purposes of the United States Sentencing Guidelines ("Sentencing Guidelines"), "the offense of felon in possession of a firearm, in the absence of any aggravating circumstances charged in the indictment, does not constitute a per se 'crime of violence.' " *United States v. Johnson*, 953 F.2d 110, 115 (4th Cir.1991). Thus, the BOP's designation of the offense felon in possession of a firearm as not being "nonviolent" (as required for eligibility under § 3621(e)(2)(B)), is contrary to the reasoning of the Fourth Circuit.

5. Program Statement 5330.10, Ch. 6.1 was amended on October 9, 1997. The amended version mirrors the language of the interim regulation discussed at note 4 *supra*. As was true of the interim regulation, it is unclear from the record whether the old or the new program statement should have been applied by the BOP to petitioner's application for a sentence reduction. For the reasons stated at note 4 *supra*, however, resolution of this issue is not material.

Nevertheless, I note that the government's indication that "[s]ome of the language has been modified from its previous version," Resp.Mot. to Dismiss at 8, n. 4, dramatically understates the import of the amendment; the revised language sets a new standard of eligibility for firearms and weapons offenses.

be used in the course of committing the offense.

In a case on all fours with the instant case, the Ninth Circuit held that a conviction under § 922(g)(1) is not a crime of violence, and therefore, the BOP must consider possession of a firearm by a convicted felon a nonviolent offense under § 3621(e)(2)(B). *Davis*, 109 F.3d at 569. Relying on its prior decision in *Downey*, wherein the court held that a sentence enhancement for possession of a firearm during a nonviolent offense did not make the underlying offense a crime of violence for purposes of the sentence reduction statute, the *Davis* court held that "parity of reasoning" dictated that a conviction for possession of a firearm by a convicted felon is itself a "nonviolent offense" for purposes of § 3621(e)(2)(B).[6] The court went on to state that "*Downey* makes clear that if a crime has been held 'nonviolent' by the Ninth Circuit for the purposes of the Sentencing Guidelines, the BOP must consider it 'nonviolent' for the purposes of § 3621(e)(2)(B)." *Davis*, 109 F.3d at 569.

Similarly, in *Miller v. United States*, 964 F.Supp. 15, 20 (D.D.C.1997) (Friedman, J.), *vacated as moot*, No. 97–5175 (D.C.Cir. May 6, 1998),[7] the court held that "the plain language of 18 U.S.C. § 924(c)(3) and the demands of statutory interpretive consistency require the conclusion that Section 922(g) is not a crime of violence for the purposes of 18 U.S.C. § 3621(e)(2)(B)." The court quoted the Supreme Court's holding that " 'use' means more than mere possession." *Id.* at 19, quoting *Bailey v. United States*, 516 U.S. 137, 143, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). Furthermore, the court reasoned that § 922(g) does not by its nature, involve a substantial risk that physical force may be used in the course of committing the offense. *Id.* The court relied on the reasoning of then-Chief Judge Breyer which provided "simple possession, even by a felon, takes place in a variety of ways (e.g., in a closet, in a store room, in a car, in a pocket) many, perhaps most, of which do not involve likely accompanying violence." *Id.*, quoting *United States v. Doe*, 960 F.2d 221, 225 (1st Cir.1992).

The reasoning of the Ninth Circuit in *Davis* and Judge Friedman in *Miller* is sound and persuasive. The offense of possession of a firearm by a convicted felon does not, as a matter of statutory interpretation, constitute the "use" of the firearm as provided at 18 U.S.C. § 924(c)(3)(A). To treat mere possession of a firearm as if it equated to use of a firearm is contrary to the plain language of the relevant statutes and the clear pronouncement of the Supreme Court.

---

**6.** Other courts have likewise held that where an inmate was convicted of a nonviolent offense, such as a drug conviction under 21 U.S.C. § 841 or 846, and received a sentence *enhancement* for possession of a firearm, the BOP exceeded its authority by categorically excluding such an inmate from eligibility for a sentence reduction under 18 U.S.C. § 3621(e). As the Eleventh Circuit noted in *Byrd v. Hasty*, 142 F.3d 1395, 1398 (11th Cir.1998):

> we conclude that the BOP exceeded its statutory authority when it categorically excluded from eligibility those inmates convicted of a nonviolent offense who received a sentencing enhancement for possession of a firearm. The BOP's interpretation of the 18 U.S.C. § 3621(e)(2)(B) is simply in conflict with the statute's plain meaning.

The *Byrd* court noted that a similar conclusion had been reached by a majority of courts, including the Fourth Circuit. *Id.* at 1397. *See Fuller v. Moore*, 133 F.3d 914 (4th Cir.1997) (unpublished); *Roussos v. Menifee*, 122 F.3d 159 (3d Cir.1997); *Bush v. Pitzer*, 133 F.3d 455 (7th Cir.1997); *Martin v. Gerlinski*, 133 F.3d 1076 (8th Cir.1998); *Fristoe v. Thompson*, 144 F.3d 627 (10th Cir.1998).

I note that in an analogous circumstance, the Sentencing Commission amended the Sentencing Guidelines in 1992 to clarify that § 922(g) is not a crime of violence under the Sentencing Guidelines and cannot serve as a predicate crime for designation of "career offender" under U.S.S.G. § 4B1.1. *See* U.S.S.G. § 4B1.2, comment. (n. 1). The Supreme Court has held this application note binding for sentencing under the Sentencing Guidelines. *Stinson v. United States*, 508 U.S. 36, 47, 113 S.Ct. 1913, 123 L.Ed.2d 598 (1993).

**7.** The judgment of the district court was vacated by the D.C. Circuit as moot because Miller had been released from custody during the pendency of the appeal. The order of the court of appeals recited, however, that "[t]he government indicated that it will remove the provisional notice of eligibility, which identified Miller as a violent offender, from its files. In addition, the government agreed to send copies of the Amended Notification of Prisoner Release to the same law enforcement officials who received the original notification." *Miller v. United States*, No. 97–5175 (D.C.Cir. May 6, 1998).

*See Bailey,* 516 U.S. at 143, 116 S.Ct. 501. Furthermore, the argument that the offense "by its nature, involves a substantial risk that physical force ... may be used in the course of committing the offense," as provided at 18 U.S.C. § 924(c)(3)(B), is likewise unavailing. "The offense" is simply possession of the firearm, which, in and of itself, does not create a risk of physical force against another; the gravamen of the offense, unlike some other firearms offenses, involves merely the knowing possession of a firearm.[8]

Although the Fourth Circuit has not spoken directly to the matter at issue, it has concluded that for purposes of the Sentencing Guidelines, "the offense, felon in possession of a firearm, in the absence of any aggravating circumstances charged in the indictment, does not constitute a per se 'crime of violence' ...." *Johnson,* 953 F.2d at 115. The court reasoned that "[t]he danger inherent in the mere possession of a firearm is, in many cases, too highly attenuated to qualify the offense as a per se 'crime of violence.'" *Id.* "While a felon in possession of a firearm may pose a statistical danger to society," the offense in and of itself cannot be categorically considered a crime of violence. *Id.*

While I recognize that, strictly speaking, the holding of *Johnson* applies only in the context of the Sentencing Guidelines, I can discern no basis to decline to apply its reasoning here. *But cf. Fonner v. Thompson,* 955 F.Supp. 638, 640–641 (N.D.W.Va.1997) (holding that BOP interpretation of § 922(g)(1) as a crime of violence is permissible construction of § 3621(e)(2)(B) and

limiting the holding of *Johnson* to the interpretation of Sentencing Guidelines). This is especially true in light of the very similar definitions of "crime of violence" found at 18 U.S.C. § 924(c)(3) and U.S.S.G. § 4B1.2(a). I therefore conclude that the BOP's decision to interpret *a priori* a conviction for possession of a firearm by a convicted felon as other than a conviction for a nonviolent offense, where the Fourth Circuit has stated that it is not, is contrary to the law of this Circuit.[9]

## III. REMEDY

Whether or not the BOP grants petitioner a sentence reduction remains, however, completely within its discretion. The statute provides that the BOP "may" reduce a prisoner's sentence after completion of a drug abuse treatment program. 18 U.S.C. § 3621(e)(2)(B). Although, based upon my ruling, the BOP may not use petitioner's conviction to deny him *eligibility* for a sentence reduction, I recognize that the BOP may choose, for other reasons not litigated in this case, to deny petitioner's request for a sentence reduction.

## IV. CONCLUSION

For the foregoing reasons, I conclude that the BOP's determination that petitioner is ineligible for consideration for a sentence reduction under 18 U.S.C. § 3621(e)(2)(B) on the basis that he was not convicted of a "nonviolent offense" as defined in 18 U.S.C. § 924(c)(3) is contrary to the plain language

8. As the Fourth Circuit held in *United States v. Thompson,* 891 F.2d 507, 509 (4th Cir.1989), *cert. denied,* 495 U.S. 922, 110 S.Ct. 1957, 109 L.Ed.2d 319 (1990), the South Carolina offense of pointing a firearm at a person constitutes a crime of violence for purposes of "career offender" status. Thus, an element of an offense encompassing an affirmative act beyond mere possession of a firearm seems to be required to remove the firearm offense from the realm of nonviolent crimes.

9. I note that other courts have considered the issue presented in this case and upheld the BOP's designation of § 922(g)(1) as a "crime of violence." *See, e.g., Paydon v. Hawk,* 960 F.Supp. 867, 870–71 (D.N.J.1997) (applying more deferential standard of review and holding because "the Third Circuit has not decided whether possession of a weapon by a felon is a crime of violence under 18 U.S.C. § 924(c)(3) ... a determination by the BOP that a violation of § 922(g)(1) is a crime of violence under § 924(c) is not contrary to any 'well-established' law in this Circuit.") (internal quotations omitted); *Davis v. Beeler,* 966 F.Supp. 483, 490 (E.D.Ky. 1997) (holding that "[i]n the absence of binding precedent in this Circuit holding that a § 922(g) offense is not a crime of violence, the BOP's action challenged herein cannot constitute an abuse of its discretion...."). Nevertheless, none of these courts had circuit caselaw teaching that the possessory offense under § 922(g)(1) is ordinarily a nonviolent offense or indicating that the categorical characterization of the offense as "violent" is error. Accordingly, I am not persuaded by their reasoning.

of the statute, defies parity of reasoning in the interpretation of closely-related statutes, is contrary to the settled law of the Fourth Circuit and is, as a result, an abuse of discretion. Accordingly, I shall grant the petition and order the BOP to take further action not inconsistent with this opinion.