**Michael BOURKE, Plaintiff,**

v.

**Kathleen HAWK, Defendant.**

**No. CIV.A. 99–2960(JR).**

United States District Court, District of Columbia.

Sept. 20, 2000.

**10**

Michael Bourke, Seagoville, TX, pro se.

W. Mark Nebeker, Assist. U.S. Atty., Washington, DC, for defendant.

## *MEMORANDUM*

ROBERTSON, District Judge.

Plaintiff, proceeding without counsel, challenges the Bureau of Prisons' Program Statement that excludes him from eligibility for a sentence reduction under 18 U.S.C. § 3621(e) because he was convicted of possession of a machine gun. Defendant has moved to dismiss, and plaintiff has moved for summary judgment. In their opposing motions, a fundamental misunderstanding is apparent. As this Court has already determined, plaintiff challenges only the Bureau of Prisons' statutory interpretation as to his *eligibility* for a sentence reduction. That challenge will be sustained because this Court agrees with plaintiff and other judges of this district

that mere possession of a weapon is a nonviolent offense. This ruling does not mandate plaintiff's early release. It requires only that the Bureau of Prisons consider him eligible for early release under Section 3621(e). If the Bureau should deny plaintiff a reduction in his sentence, although he is eligible, plaintiff's recourse would be by way of a petition for habeas corpus, brought in the district in which he is in custody.

## FACTS

Michael Bourke was convicted in 1996 for possession of a controlled substance, in violation of 21 U.S.C. § 841(a)(1), and for possession of a machine gun, in violation of 18 U.S.C. § 922(o)(1). Mr. Bourke is currently serving a 120–month sentence with a projected release date of December 4, 2001.[1] Mr. Bourke completed a qualified drug abuse program on April 22, 1996 while confined at the Federal Correctional Institution in Phoenix, Arizona. Several months later he was transferred to FCI Seagoville (Texas) where he is currently confined.

Mr. Bourke sought a reduction in his sentence, pursuant to 18 U.S.C. § 3621(e)(2)(B).[2] In his initial inmate request for administrative remedy, Mr. Bourke cited *Davis v. Crabtree*, 109 F.3d 566 (9th Cir.1997), and *Roussos v. Menifee*, 122 F.3d 159 (3d Cir.1997), for the proposition that mere possession of a firearm is not a crime of violence sufficient to deny him eligibility for a sentence reduction under § 3621(e). His request was denied on the ground that *Davis* applies only to individuals who completed their drug abuse program by October 25, 1996, and that *Roussos* applies only to inmates housed in the Third Circuit. Mr. Bourke's appeals

to the Regional Director and to the Administrator of Inmate Appeals were denied because 18 U.S.C. § 922(o)(1) was included in the list of violent crimes in Bureau of Prisons' Program Statement 5162.02. If Mr. Bourke were found eligible for early release and granted the maximum allowable release by the Bureau of Prisons, he could be released on December 4, 2000.

## DISCUSSION

### A. Plaintiff's Claim Need Not be Brought as a Habeas Petition

Defendant argues for the second time that plaintiff's sole federal remedy is a petition for writ of habeas corpus filed in the district in which plaintiff is confined. The Court has already rejected this argument. *See* Order of February 7, 2000, at 2 ("[s]eeking only eligibility for discretionary release, the action need not be filed as a petition for writ of habeas corpus"). Defendant did not file a motion for reconsideration, but nonetheless seeks to re-argue this point in its motion to dismiss because it "respectfully disagrees." "[T]he same issue presented a second time in the same case in the same court should lead to the same result." *Kimberlin v. Quinlan*, 199 F.3d 496, 500 (D.C.Cir.1999) (quoting *LaShawn v. Barry*, 87 F.3d 1389, 1393 (D.C.Cir.1996) (en banc)). Courts should decline to reconsider decided issues "in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" *LaShawn*, 87 F.3d at 1393 (quoting *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988)).

1. It appears from the criminal judgment, attached to defendant's motion to dismiss, that the offense was committed in 1991 and a previous conviction was vacated. It is unclear when Mr. Bourke began serving his sentence, but the parties agree that his projected release date is December 4, 2001.

2. 18 U.S.C. § 3621(e)(2)(B) states in full:

Period of Custody.—The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

This Court's prior decision that plaintiff's challenge need not be brought as a habeas petition relied in part on *Anyanwutaku v. Moore*, 151 F.3d 1053 (D.C.Cir. 1998). Defendant argues that this reliance was in error because the Court of Appeals decision in *Anyanwutaku* involved a claim for money damages. The plaintiff in *Anyanwutaku* primarily sought a parole reconsideration hearing. *Anyanwutaku*, 151 F.3d at 1056 ("[h]ad he succeeded in the district court, [plaintiff] would have earned nothing more than a 'ticket to get in the door of the parole board'"). Like the plaintiff in *Anyanwutaku*, plaintiff in this action seeks only a determination that the Bureau of Prisons consider him eligible for a sentence reduction.

Defendant argues that the controlling authority is *Chatman–Bey v. Thornburgh*, 864 F.2d 804 (D.C.Cir.1988) (*en banc*), in which the Court of Appeals held that an action filed by a federal inmate seeking a parole hearing can only be filed as a habeas petition. The Court of Appeals declined to "decide whether *Chatman–Bey* has any continuing vitality after [*Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994)] and [*Edwards v. Balisok*, 520 U.S. 641, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997)]," *Anyanwutaku*, 151 F.3d at 1057, but even if *Chatman–Bey* is still good law as it relates to federal inmates,[3] it does not require this plaintiff to file his challenge as a habeas petition. *Chatman–Bey v. Thornburgh*, 864 F.2d at 809 (citing *Peyton v. Rowe*, 391 U.S. 54, 88 S.Ct. 1549, 20 L.Ed.2d 426 (1968)). The question of whether the claim must be brought as a habeas petition, according to *Chatman–Bey*, turns on whether plaintiff challenges the government's authority to keep him in custody. "The defining purpose of a petition for habeas corpus is to 'safeguard the individual against unlawful custody' by 'test[ing] the lawfulness of the government's asserted right to detain an individual.'" *Woodson v. Attorney Gener-*

*al*, 990 F.2d 1344, 1347 (D.C.Cir.1993) (quoting *Chatman–Bey*, 864 F.2d at 806, 809).

This plaintiff recognizes that the Bureau of Prisons has the *authority* to keep him in custody. His challenge is to the Bureau's refusal to exercise its *discretion* to reduce his sentence. Unlike *Heck* and *Balisok*, an order striking down the Bureau's interpretation of a "nonviolent offense" under 18 U.S.C. § 3621(e) to exclude a conviction for possession of a machine gun would not affect the validity of plaintiff's conviction or his sentence.

Relying on *LoBue v. Christopher*, 82 F.3d 1081 (D.C.Cir.1996), defendant next argues that plaintiff cannot challenge its regulations under the Administrative Procedures Act, 5 U.S.C. § 701 ("APA"), because he has an adequate remedy through habeas. *LoBue* is inapposite. In that case, plaintiffs were in custody in Chicago. Canada sought their extradition. They sued in the District of Columbia, seeking a declaratory judgment (that the extradition statutes were unconstitutional) and an injunction barring their extradition. The Court of Appeals found that a challenge to a court's extradition order could be brought by way of habeas and that declaratory relief was an impermissible effort to "manipulate the preclusive effect of habeas jurisdiction." *LoBue*, 82 F.3d at 1083.

Defendant goes on to argue that plaintiff may obtain the relief he seeks through a habeas petition because the same argument has been raised by numerous other federal inmates through habeas petitions. Those cases, however, were filed almost exclusively by prisoners proceeding *pro se*. They are not authority for the proposition that the claims were required to have been filed as habeas petitions. Because plaintiff's exclusive challenge here is to the Bureau of Prisons' interpretation of the term "nonviolent offense" in 18 U.S.C. § 3621(e)(2)(B) and not to its authority to keep him in custody for the full period of

---

**3.** The Court of Appeals distinguished *Anyanwutaku* on the ground that plaintiff was a

District of Columbia prisoner, while *Chatman–Bey* was a federal prisoner.

his sentence, this action is properly one brought pursuant to the APA and not as a petition for habeas corpus. *See also Faeges v. Thompson,* Civil Action No. 95–2230(RCL) (D.D.C. Apr. 14, 1997) (rejecting argument that challenge must be brought as habeas petition); *see Bush v. Pitzer,* 133 F.3d 455, 455 (7th Cir.1997) (noting that it is unclear why challenge to BOP's interpretation of 18 U.S.C. § 3621(e)(2)(B) is brought as habeas where prisoner does not challenge the lawfulness of his custody).

This Court's interpretation of plaintiff's claim as one properly brought pursuant to the APA is supported by the government's treatment of similar claims in other circuits. *See e.g., Bush v. Pitzer,* 133 F.3d at 455 ("warden's brief in this case is written as if this were APA litigation"). *Wiggins v. Wise,* 951 F.Supp. 614, 617–20 (S.D.W.Va.1996) (defendants raised availability of judicial review under APA); *Pelissero v. Thompson,* 955 F.Supp. 634, 638 (S.D.W.Va.1997) (same, finding judicial review barred); *see also Martin v. Gerlinski,* 133 F.3d 1076, 1079 (8th Cir.1998) (finding that judicial review is not barred under 5 U.S.C. § 3625 because claim challenges agency rulemaking decisions). Consequently, the Court will consider the reasonableness of the Bureau of Prisons' interpretation of the term "nonviolent offense" in 18 U.S.C. § 3621(e)(2)(B) in its Program Statement 5162.02, pursuant to the APA.

## B. *Reasonableness of BOP Program Statement 5162.02*

■ Plaintiff was denied eligibility for a sentence reduction because of Bureau of Prisons' Program Statement 5162.02.[4] That Program Statement excludes a conviction under 18 U.S.C. § 922(*o*) from the definition of "nonviolent offense." Defendant argues that it acted within its discretion to construe the statute in this manner. Relying upon *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984), the Bureau of Prisons takes the position that its construction of the term "nonviolent offense," as that term is used in 18 U.S.C. § 3621(e)(2)(B), is reasonable and entitled to considerable deference.[5]

This Court disagrees for the reasons set forth by Judge Friedman in *Miller v. United States,* 964 F.Supp. 15 (D.D.C. 1997), *vacated as moot* 159 F.3d 636 (D.C.Cir.1998). The Bureau's Program Statement is entitled to only "some deference." *Cook v. Wiley,* 208 F.3d 1314 (11th Cir.2000). For the same reasons that a violation of 18 U.S.C. § 922(g) (felon-in-possession of a firearm) is not a "crime of violence," the possession of a machine gun is not a crime of violence. *McPeek v. Henry,* 17 F.Supp.2d 443 (D.Md.1998) (agreeing with *Miller* ).[6] *But see Cook v.*

---

**4.** Neither party submitted a copy of Program Statement 5162.02. The Program Statement obtained by the Court was amended the day after plaintiff completed his drug abuse program. It is unclear whether 18 U.S.C. § 922(*o*) was included as a "crime of violence" in Program Statement 5162.02 at the time plaintiff completed his drug abuse program.

**5.** Defendant also relies primarily on the Fifth Circuit's decision in *Venegas v. Henman,* 126 F.3d 760, 763 (5th Cir.1997) and *Fonner v. Thompson,* 955 F.Supp. 638, 640–41 (N.D.W.Va.1997). The analysis in those cases has been rejected by the overwhelming weight of authority. *Byrd v. Hasty,* 142 F.3d 1395 (11th Cir.1998); *Fristoe v. Thompson,* 144

F.3d 627 (10th Cir.1998); *Downey v. Crabtree,* 100 F.3d 662 (9th Cir.1996); *Martin v. Gerlinski,* 133 F.3d 1076 (8th Cir.1998); *Fuller v. Moore,* 133 F.3d 914 (4th Cir.1997) (Table) (1997 WL 791681); *Roussos v. Menifee,* 122 F.3d 159 (3d Cir.1997).

**6.** The only case directly on point made no distinction between possession of a machine gun and felon in possession convictions. *Mendiola v. Hood,* CIV 99–1104, 1999 WL 1279713 (D.Or. Dec.7, 1999); *see also Royce v. Hahn,* 151 F.3d 116, 124–25 (3d Cir.1998) (refusing to consider Bureau of Prison's argument on appeal that possession of machine gun was crime of violence for purpose of notification provision in 18 U.S.C. § 4042(b) when it was not raised in the District Court).

*Wiley,* 208 F.3d 1314 (11th Cir.2000). Defendant's effort to distinguish *Miller* is unconvincing. It is of course true that a machine gun is more dangerous than a handgun, but Program Statement 5162.02 does not classify weapons or distinguish one from another on the basis of firepower, and defendant's effort to do so here is *post hoc* rationalization.

██ Nor does the appearance of the words "[v]iolent crime" on the criminal judgment as the "Nature of Offense" description for plaintiff's conviction transform a conviction for possession of a weapon into a crime of violence. The notation is without explanation. It is the conviction and not the underlying conduct which determines whether an offense is a crime of violence for purposes of Section 3621(e)(2)(B). *See, e.g., Byrd v. Hasty,* 142 F.3d 1395 (11th Cir.1998) (two-level sentence enhancement could not be considered a "conviction" of a crime of violence under 18 U.S.C. 3621(e)(2)(B)). The Bureau may consider the underlying conduct in exercising its discretion, but defendant's construction of the term "nonviolent offense" to exclude *all* convictions under 18 U.S.C. § 922(*o*) is contrary to the plain language of Section 3621(e)(2)(B).

An appropriate order accompanies this Memorandum.

### *JUDGMENT*

For the reasons set forth in the accompanying Memorandum, it is hereby

ORDERED that defendant's motion to dismiss [# 21] is DENIED; it is

FURTHER ORDERED that plaintiff's motion for default judgment [# 29] and motion for clarification of sentence [# 36-1] are DENIED; it is

FURTHER ORDERED that plaintiff's motion for summary judgment [# 36-2] is GRANTED; it is

FURTHER ORDERED that JUDGMENT is entered in favor of plaintiff; and it is

DECLARED that the Bureau of Prisons exceeded its statutory authority when it determined that plaintiff's conviction of an offense under 18 U.S.C. § 922(*o*) rendered him ineligible for consideration for a one-year reduction under 18 U.S.C. § 3621(e)(2)(B).

SO ORDERED.