PUBLISH

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

-------------

## No. 97-2129

-------------

### D.C. Docket No. 3:96-cv-289/LAC

ROCKY W. BYRD,

Petitioner-Appellant,

v.

DENNIS W. HASTY,

Respondent-Appellee.

---------------------------------------------

### Appeal from the United States District Court
### for the Northern District of Florida

---------------------------------------------

### (June 11, 1998)

Before CARNES and MARCUS, Circuit Judges, and MILLS[*], Senior District Judge.

---

[*] Honorable Richard Mills, Senior U.S. District Judge for the Central District of Illinois, sitting by designation.

**MILLS, Senior District Judge:**

## I. Background

Byrd was convicted--following a jury trial in the United States District Court for the Southern District of Mississippi--of drug violations: conspiracy (Count I) and possession with intent to distribute cocaine (Count II). He was acquitted on Count III, which charged use or carrying a firearm in relation to a drug trafficking offense.

At sentencing, Rocky Byrd received a two-level enhancement under U.S.S.G. §2D1.1(b)(1) because a .22 caliber rifle was found in the residence where the transaction took place. He was sentenced on Counts I and II to concurrent terms of 97 months imprisonment and a 5 year term of supervised release. He commenced serving his sentence on September 26, 1991 and is scheduled for release on September 29, 1998. Byrd is presently incarcerated at the Federal Prison Camp at Pensacola, Florida.

While incarcerated at the Federal Correctional Center in Allenwood, Pennsylvania, Byrd participated in the Drug Abuse Treatment Program. On September 8, 1994, he successfully completed the 500 hour course of therapeutic counseling and intensive treatment. He then applied to the

Bureau of Prisons ("BOP") for a reduction of up to one year off his sentence in accordance with the terms of 18 U.S.C. §3621(e). The BOP denied the sentence reduction because Byrd received a sentence enhancement under U.S.S.G. §2D1.1(b)(1) for possession of a firearm, which the agency held was a "crime of violence."

After exhausting his administrative remedies, Byrd filed a writ of habeas corpus under 28 U.S.C. §2241, which was denied. This appeal follows.

## II. Standard of Review

The district court's denial of habeas corpus relief is reviewed de novo. Chateloin v. Singletary, 89 F.3d 749, 752 (11th Cir. 1996). A district court's factual findings in a habeas corpus proceeding are reviewed for clear error. Id. at 753.

## III. Discussion

The Violent Crime Control and Law Enforcement Act provides:

> 2) Incentive for prisoners' successful completion of treatment program.--
>
> > (B) **Period of custody.--** The period a prisoner convicted of a nonviolent offense remains in

custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

18 U.S.C. § 3621(e)(2(B)(emphasis added). The Director of the BOP is granted the authority to determine whether to award a reduction. 18 U.S.C. §3621(e)(2)(A).

Because the statute neither defines "nonviolent offense" nor specifies the criteria for awarding a reduction, the BOP--in accordance with its responsibility in administering 18 U.S.C. §3621--issued a regulation providing the specific criteria. That regulation, 28 C.F.R. §550.58[2], excludes from eligibility those persons whose current offense is a "crime of violence" as defined at 18 U.S.C. §924(c)(3). Section 924(c)(3) defines the term "crime of violence" as an offense that is a felony and

(A) has as an element the use, attempted use, or threatened use of

---

**[2] The version of 28 C.F.R. §550.58 in effect at the time of Byrd's application provides:** [A]n inmate who . . . completes a residential drug abuse treatment program . . . during his or her current commitment may be eligible . . . for early release by a period not to exceed 12 months . . .[unless the inmate's] current offense is determined to be a crime of violence as defined in 18 U.S.C. 924(c)(3) . . . . 28 U.S.C. C.F.R. §550.58.

physical force against the person or property of another, or

(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

The BOP has further defined the term "crime of violence" through Program Statement 5162.02 ("P.S. 5162.02"), which is entitled "Definition of Term-- Crimes of Violence."[3]   Section 9 of P.S. 5162.02 provides that a conviction under 21 U.S.C. §841 or §846 is deemed a crime of violence if the sentencing court increased the base offense level under the Sentencing Guidelines pursuant to U.S.S.G. §2D1.1(b)(1) for possession of a dangerous weapon during the commission of drug offense.

In the instant case, the BOP denied Byrd's request for a one-year reduction in his sentence because Byrd received a two-level enhancement for possession of a firearm during the commission of a drug offense.  In challenging the BOP's determination, Byrd argues first that the P.S. 5162.02 is an interpretive rule because it was unilaterally adopted by the agency without subjecting it to the rigors of the Administrative Procedure Act.  Thus,

---

[3] **On October 9, 1997, the BOP promulgated a new Program Statement, P.S. 5162.04, and also amended P.S. 5330.10**

it is only entitled to "some deference." Moreover, he says, the rule should be invalidated by reason of noncompliance with the APA because the BOP appears to have classified it as an interpretive rule when it has all the characteristics of a substantive rule.

Second, Byrd urges that the BOP's interpretation of 18 U.S.C. §3621(e)(B) is in conflict with the plain language of the statute and therefore deference is not due. Specifically, Byrd says that the BOP ignored the clear, plain and unambiguous language set forth in section 3621(e)(B) ("prisoner convicted of a nonviolent offense") and substituted in its place its definition of "crime of violence." Byrd claims this substitution is unreasonable and contrary to congressional intent.

Finally, Byrd argues that the meaning of 18 U.S.C. §3621(e)(2)(B) is clear. First, the operative word in the statute is <u>convicted</u>. Second, the statutory term "offense" reflects a specific violation of the criminal code charged in the count of indictment. The sentencing court's application of the weapon enhancement is not an element of the <u>offense</u> of conviction but is an element of the <u>sentence</u>.

This issue is one of first impression in this Circuit. An examination of

the treatment of this issue in other Circuits reveals that the majority of the courts have determined that the BOP exceeded its authority in categorically excluding from eligibility those inmates convicted of a nonviolent offense who received a sentencing enhancement for possession of a firearm. See Roussos v. Menifee, 122 F.3d 159 (3rd Cir. 1997)(holding that the BOP's interpretation is in conflict with the statute and the BOP's own regulations); Fuller v. Moore, No. 97-6390, 133 F.3d 914 (Table),  (4th Cir. 1997)(BOP's interpretation in conflict with the statute); Bush v. Pitzer, 133 F.3d 455 (7th Cir. 1997)(program statement adopts an overbroad definition of "violent offense"); Martin v. Gerlinski, 133 F.3d 1076 (8th Cir. 1998)(the BOP exceeded its statutory authority because its interpretation of the statute is in conflict with the statute's plain meaning); Downey v. Crabtree, 100 F.3d 662 (9th Cir. 1996)(BOP's interpretation of the statute was in error); Fristoe v. R.G.  Thompson, _ F.3d __,  (April 28, 1998 10th Cir.)(BOP exceeded its authority).

Only the Fifth Circuit and district courts in the Sixth Circuit have taken the position that the BOP's program statements are permissible and reasonable.  See Venegas v. Henman, 126 F.3d 760 (5th Cir. 1997); Davis v.

Beeler, 966 F. Supp. 483 (E.D. Ky 1997); LaPlante v. Pontesso, 961 F. Supp. 186 (E.D. Mich. 1997).

Appellee urges the Court to align itself with the Fifth Circuit and affirm the denial of the appellant's petition for habeas relief. In the alternative, Appellee asks that the Court remand the case to the district court with orders that the matter be remanded to the BOP for appropriate review and action under the pre-October 1997 rule (28 C.F.R. §550.58 (1996)), provided Byrd's drug conviction with its two-point sentence enhancement for possession of a firearm is deemed a nonviolent crime.

This Court will not adopt the reasoning of the Fifth Circuit as it is wholly unpersuasive. Instead, we adopt the reasoning of those courts that have found that the BOP exceeded its authority. The statute, 28 U.S.C. §3621(e)(2)(B), speaks only in terms of conviction. Byrd was convicted of conspiracy and possession with intent to distribute cocaine (violations of 21 U.S.C. §846 and 841(a)(1)), which are not crimes of violence. Although Byrd received a sentencing enhancement under §2D1.1(b)(1) of the Sentencing Guidelines, "[s]ection 3621(e)(2)(B) addresses the act of convicting, not sentencing or sentence-enhancement factors." Downey, 100

F.3d at 668. As a result, we conclude that the BOP exceeded its statutory authority when it categorically excluded from eligibility those inmates convicted of a nonviolent offense who received a sentencing enhancement for possession of a firearm. The BOP's interpretation of the 18 U.S.C. §3621(e)(2)(B) is simply in conflict with the statute's plain meaning.

## IV. Conclusion

This Court concludes that the BOP cannot rely upon Byrd's sentencing enhancement to deny him eligibility for the sentence reduction. Accordingly, we reverse the district court's denial of habeas relief.

Because the Bureau of Prisons has the discretion to grant early release, we remand this case to the district court with instructions to refer the case to the Bureau of Prisons for consideration in accordance with this opinion.

We offer no opinion as to the applicability of the subsequent program statements of October 9, 1997.

REVERSED AND REMANDED.