Jerry K. **KILPATRICK**, Petitioner,

v.

Samuel H. **HOUSTON**, Respondent.

No. 3:98CV282–RH.

United States District Court,
N.D. Florida,
Gainesville Division.

Feb. 23, 1999.

Jerry J. Kilpatrick, Eglin Air Force Base,
FL, pro se.

Michael P. Finney, U.S. Attorney, Pensacola, FL, for respondent.

### ORDER GRANTING WRIT OF HABEAS CORPUS

HINKLE, District Judge.

Petitioner Jerry J. Kilpatrick, who is in federal custody on his conviction of conspiracy to distribute methamphetamine in violation of 21 U.S.C. § 846, challenges the refusal of the Bureau of Prisons to reduce his sentence based on his successful completion of an in-custody substance abuse treatment program. The Bureau denied Mr. Kilpatrick's request for a sentence reduction because a codefendant possessed a firearm in connection with the conspiracy offense, thus making Mr. Kilpatrick ineligible for a sentence reduction under the applicable Bureau regulation. Based on the controlling decision in *Byrd v. Hasty*, 142 F.3d 1395 (11th Cir. 1998), I hold the relevant portion of the regulation invalid and direct the Bureau to consider Mr. Kilpatrick's request for a sentence reduction in accordance with this ruling.

In 1994, Congress directed the Bureau to make appropriate substance abuse treatment programs available "for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse." 18 U.S.C. § 3621(b). As an "[i]ncentive for prisoners' successful completion of treatment program," 18 U.S.C. § 3621(e)(2) (heading), Congress provided:

> The period a prisoner *convicted of a nonviolent offense* remains in custody after successfully completing a treatment program *may be reduced* by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

18 U.S.C. § 3621(e)(2)(B) (emphasis added). As the statute on its face made clear, the Bureau could reduce a sentence only if a prisoner was "convicted of a nonviolent offense." Further, by providing that sentences of such prisoners "may be reduced," not "shall be reduced," and by imprecisely delineating the period of reduction as "not ... more than one year," the statute clearly delegated at least some discretion to the Bureau with respect to its implementation of the statute.

In 1995, the Bureau attempted to implement the statutory provision for sentence reductions by adopting a regulation excluding from eligibility any prisoner whose offense was a "crime of violence." *See* 28 C.F.R. § 550.58 (1995).[1] In a program state-

---

1. The Bureau defined "crime of violence" by reference to 18 U.S.C. § 924(c)(3), which makes it a separate offense to use or carry a firearm "during and in relation to" any "crime of violence." The term "crime of violence" as defined in § 924(c)(3) does not include every drug trafficking offense. This is clear not only from the

definition of a "crime of violence" in § 924(c)(3) but also because § 924(c) makes it an offense to use or carry a firearm not only during and in relation to a "crime of violence" but also during and in relation to any "drug trafficking offense." Any interpretation of "crime of violence" that

ment, the Bureau further restricted eligibility by defining "crime of violence" to include any crime for which the sentence was enhanced under United States Sentencing Guidelines § 2D1.1(b)(1). This rendered a prisoner ineligible for a sentence reduction if "a dangerous weapon (including a firearm) was possessed" in connection with the offense of conviction. *See* U.S.S.G. § 2D1.1(b)(1).[2]

In *Byrd v. Hasty*, 142 F.3d 1395 (11th Cir.1998), the Eleventh Circuit, like most courts that had considered the issue, squarely held that the Bureau exceeded its authority by excluding prisoners from eligibility based solely on § 2D1.1(b)(1) sentencing enhancements. The court based its ruling on its view of the statute's plain meaning and the Bureau's lack of authority to depart therefrom. The court ruled that Byrd, who like Mr. Kilpatrick in the case at bar was convicted of a drug trafficking offense and whose sentence was enhanced under § 2D1.1(b)(1) based on possession of a firearm, was not ineligible for a sentence reduction by reason of that enhancement. The court said:

> [W]e adopt the reasoning of those courts that have found that the BOP exceeded its authority. The statute, 18 U.S.C. § 3621(e)(2)(B), speaks only in terms of conviction. Byrd was convicted of conspiracy and possession with intent to distribute cocaine (violations of 21 U.S.C. §§ 846 and 841(a)(1)), *which are not crimes of violence.* Although Byrd received a sentencing enhancement under § 2D1.1(b)(1) of the Sentencing Guidelines, "[s]ection 3621(e)(2)(B) addresses the act of convicting, not sentencing or sentence-enhancement factors." *Downey [v. Crabtree*, 100

F.3d 662,] 668 [(9th Cir.1996)]. As a result, we conclude that the BOP *exceeded its statutory authority* when it categorically excluded from eligibility those inmates convicted of a non-violent offense who received a sentencing enhancement for possession of a firearm. *The BOP's interpretation of the 18 U.S.C. § 3621(e)(2)(B) is simply in conflict with the statute's plain meaning.*

*Byrd v. Hasty*, 142 F.3d 1395, 1398 (11th Cir.1998) (emphasis added).

The Bureau now has amended the regulation that was at issue in *Byrd* (and the cases on which *Byrd* relied). The amended regulation changes the language but not the substance of the prior regulation; the Bureau has changed its substantive position not a whit. The new regulation excludes from eligibility for a sentence reduction any prisoner whose offense "involved the carrying, possession, or use of a firearm." 28 C.F.R. § 550.58(a)(1)(vi)(B) (1998). Under this language, as under the prior regulation and program statement at issue in *Byrd*, any prisoner whose sentence was enhanced under § 2D1.1(b)(1) is automatically ineligible for a sentence reduction; the standard set forth in the new regulation is substantively identical to the standard set forth in § 2D1.1(b)(1). Indeed, the sole basis on which the Bureau has denied Mr. Kilpatrick's request for a sentence reduction is that his sentence was enhanced under § 2D1.1(b)(1), thus establishing that his offense "involved the carrying, possession, or use of a firearm" within the meaning of the Bureau's regulation.[3]

It is true, as the Bureau notes, that the new regulation no longer uses the phrase "crime of violence." But the statute the

---

automatically included every "drug trafficking offense" would render totally superfluous Congress's reference in § 924(c) to any "drug trafficking offense."

**2.** Under § 2D1.1(b)(1), sentence enhancement for possession of a firearm is appropriate when a weapon is foreseeably possessed by a co-conspirator, even without the defendant's knowledge. *See, e.g., United States v. Otero*, 890 F.2d 366, 367 (11th Cir.1989). Accordingly, the effect of the Bureau's interpretation was to render ineligible for sentence reduction prisoners who, like Mr. Kilpatrick, did not possess a firearm, but whose co-conspirators foreseeably did.

**3.** The perfect match between the Bureau's new regulation and § 2D1.1(b)(1) is underscored by the facts of the case at bar. Mr. Kilpatrick did not himself carry, possess or use a firearm. A co-conspirator *did* possess a firearm, however, making enhancement of Mr. Kilpatrick's sentence proper under § 2D1.1(b)(1). *See, e.g., Otero*, 890 F.2d at 367. The Bureau has automatically applied its new regulation to Mr. Kilpatrick, confirming that the regulation has the same meaning as § 2D1.1(b)(1).

Bureau is charged with implementing still allows reduction of the sentence of a "prisoner convicted of a nonviolent offense." 18 U.S.C. § 3621(e)(2)(B). The plain meaning of this statute is still the same as it was when *Byrd* was decided. The Bureau's authority under that statute is still the same as it was when *Byrd* was decided.

The Eleventh Circuit squarely held in *Byrd* that the Bureau "exceeded its statutory authority when it categorically excluded from eligibility those inmates convicted of a nonviolent offense who received a sentencing enhancement for possession of a firearm." *Byrd*, 142 F.3d at 1398. If that was true then, it is true now. Although the language is different, the new regulation, like the old regulation and program statement, "categorically excluded from eligibility those inmates who received a sentencing enhancement for possession of a firearm," that is, those inmates whose offenses involved possession of a firearm. That the Bureau has now adopted the underlying substance of Sentencing Guidelines § 2D1.1(b)(1), rather than explicitly referring to that provision or to sentencing, is a distinction without a difference.

Further, in *Byrd* the Eleventh Circuit unequivocally ruled, as a basis of its holding, that 21 U.S.C. §§ 846 and 841(a)(1) "are not crimes of violence." *Byrd*, 142 F.3d at 1398. That was the court's interpretation of the statute (which makes eligible a prisoner convicted of a "nonviolent offense"), not simply the court's interpretation of the Bureau's regulation and program statement. That this is so is confirmed by the program statement itself, which clearly defined "crime of violence" as used by the Bureau to include any offense involving possession of a firearm (that is, any offense resulting in a sentence enhancement under § 2D1.1(b)(1)). Thus "crime of violence" under the Bureau's inter-

pretation *did* include some violations of §§ 846 and 841; when the court unequivocally said violations of those sections "are not crimes of violence," it was talking about the statute, not the Bureau's different interpretation. The court therefore struck down the Bureau's interpretation, saying, "The BOP's interpretation of the 18 U.S.C. § 3621(e)(2)(B) is simply in conflict with the statute's plain meaning." *Byrd*, 142 F.3d at 1398.

The Bureau's contrary position would render *Byrd* a trivial criticism of the Bureau's drafting technique rather than a substantive ruling on the meaning of the statute and the scope of the Bureau's authority thereunder. If *Byrd* is to be relegated to such a meaningless role, it will have to be the Eleventh Circuit that does the relegating.

Whether a sentence reduction should be denied a person convicted of a drug trafficking offense who possessed a firearm (or whose co-conspirator foreseeably possessed a firearm) could be debated.[4] Whether that is a decision Congress made in the statute or delegated to the Bureau (that is, whether *Byrd* was correctly decided) could be debated. Whether the Eleventh Circuit *en banc* should reach a different result, or perhaps even whether a new panel of the Eleventh Circuit should use the Bureau's new language as an opportunity to revisit *Byrd*, could be debated. But whether a district court in this circuit should give full meaning to *Byrd's* own explicit reasoning and substantive holding is not reasonably subject to debate. The clear import of *Byrd* requires the same result in the case at bar.[5]

The only remaining issue is the relief that should follow. In *Byrd*, the Eleventh Circuit remanded the case to the district court "with instructions to refer the case to the Bureau

---

4. On this it perhaps bears noting that a person who possessed (or whose co-conspirator foreseeably possessed) a firearm already will have had his or her sentence increased based on the firearm possession. A person whose co-conspirator foreseeably possessed a firearm will have had his or her sentence enhanced even if he or she did not know about the firearm. *See Otero*, 890 F.2d at 367. The reason for denying such a person the same incentive to obtain substance abuse treatment as other persons convicted of nonviolent offenses is less than clear.

5. It is true, as the Bureau notes, that in *Byrd* the Eleventh Circuit explicitly declined to address the validity of the Bureau's new regulation, which had been adopted before the *Byrd* decision was issued. *See Byrd*, 142 F.3d at 1398. The issue was not before the court, and the court thus properly declined to address it. That does not mean, however, that this court should now ignore the logical import of the *Byrd* court's decision.

of Prisons for consideration in accordance with this opinion." *Byrd,* 142 F.3d at 1398. The Bureau's continuing failure to comply with the import of *Byrd* has not yet risen to the point that a less deferential remedy should be implemented. A reasonable time limit, however, should be adopted.[6] Accordingly,

IT IS ORDERED:

The clerk shall enter judgment providing, "The petition for writ of habeas corpus is GRANTED. Respondent shall release the petitioner from custody unless, within 30 days, the Bureau has considered petitioner's request for a sentence reduction for successful completion of the Bureau's substance abuse program without regard to petitioner's co-conspirator's possession of a firearm during the offense of which petitioner was convicted." The court reserves jurisdiction to enforce this order.

---

**6.** Mr. Kilpatrick asserts that if he had been afforded a sentence reduction, he would already have been released. The Bureau has not disputed this. Time is therefore of the essence.