Arnold **AGUIRRE**, Petitioner,

v.

Dick **CLARK**, Warden, Respondent.

No. CV9910894DDPRC.

United States District Court,
C.D. California.

Aug. 8, 2000.

Christine M. Adams, Assistant United States Attorney, Los Angeles, CA, for Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

PREGERSON, District Judge.

Pursuant to 28 U.S.C. Section 636, the Court has reviewed the Petition and other papers along with the attached Report and Recommendation of United States Magistrate Judge Rosalyn M. Chapman, and has made a *de novo* determination.

IT IS ORDERED that (1) the Report and Recommendation is approved and adopted; (2) the Report and Recommendation is adopted as the findings of fact and conclusions of law herein; (3) respondent's request for a stay is denied; and (4) Judgment shall be entered granting the petition and deeming petitioner eligible for early release under 18 U.S.C. § 3621(e)(2)(B).

IT IS FURTHER ORDERED that the Clerk shall serve copies of this Order, the Magistrate Judge's Report and Recommendation and Judgment by the United States mail on the parties.

## REPORT AND RECOMMENDATION OF A UNITED STATES MAGISTRATE JUDGE

CHAPMAN, United States Magistrate Judge.

This Report and Recommendation is submitted to the Honorable Dean D. Pregerson, United States District Judge, pursuant to the provisions of 28 U.S.C. § 636 and General Order 194 of the United States District Court for the Central District of California.

## BACKGROUND

### I

On October 20, 1999, petitioner Arnold Aguirre, a federal prisoner incarcerated by the Bureau of Prisons ("BOP") in the Federal Correctional Institution at Terminal Island, California ("FCI Terminal Island"), filed a petition for writ of habeas corpus, with supporting memorandum of points and authorities and exhibits, challenging the BOP's refusal to grant him a one-year sentence reduction under 18 U.S.C. § 3621(e)(2)(B) even though he has successfully completed a drug abuse treatment program. The petitioner does not challenge his criminal conviction or sentence. The respondent filed his answer or return on March 1, 2000, arguing the Court should stay its decision in this matter pending the Ninth Circuit's decision to grant or deny a rehearing in *Bowen v. Hood,* 202 F.3d 1211 (9th Cir.2000). The petitioner filed a traverse on April 26, 2000.

### II

On April 8, 1996, in the United States District Court for the District of Maryland, the petitioner pleaded guilty to, and was convicted of, one count of conspiracy to possess and distribute marijuana in violation of 21 U.S.C. § 846. Return, Exh. A at 10; Traverse, Exh. CC at 73. On October 3, 1996, the petitioner was sentenced to 87 months in prison and five years of supervised release. Traverse, Exh. CC at 73–78. In determining the sentence, the district court set the offense level at 30, including a two level increase for obstruction of justice (making a threatening statement to a witness). Traverse, Exh. CC at 78; *See also* Return, Exh. A at 11–12.

On June 18, 1997, the Bureau of Prisons determined the petitioner was provisionally eligible for treatment in the Residential Drug Abuse Treatment Program ("the RDAP") and for early release under 18 U.S.C. § 3621(e)(2)(B). Return, Exh. C at 21–22. On June 19, 1997, the petitioner was placed on the RDAP waiting list. Return, Exh. B at 20.

On October 20, 1997, BOP redetermined petitioner's eligibility for early release under Section 3621(e)(2)(B), and found him ineligible because of his two level sentence increase for "threatening a witness." Return, Exh. F at 44–45. On December 5, 1997, and several times since, BOP has reiterated its decision, specifically finding petitioner eligible to participate in the RDAP, but determining he is ineligible for early release under the BOP Director's discretion for the reason stated on October 20, 1997. Return, Exh. G at 46–47, Exh. H at 48, Exh. I at 49–50, Exh. J at 51–52.

On February 10, 1998, petitioner was transferred to FCI Terminal Island to participate in the RDAP, and on March 6, 1998, he began the RDAP. Return, Exh. B at 20, Exh. D at 23. The petitioner completed the 500 hour educational component of the RDAP on December 4, 1998, and completed the twelve-month community based phase of the RDAP on December 10, 1999.[1] Return, Exh. B at 20; Traverse, Exh. S at 62, Exh. T at 63.

The petitioner has appealed the BOP's decision denying him early release to the Warden, Regional Director, and the National Inmate Appeals Administrator for the Central Office, all of whom denied his appeals.[2] Return, Exhs. K–P at 53–57. The respondent properly concedes that petitioner has exhausted his administrative remedies. Return at 3:14–16.

## DISCUSSION

### III

On September 13, 1994, Congress passed the Violent Crime Control and Law Enforcement Act of 1994 ("Act"), which, *inter alia,* directed BOP to "make available appropriate substance abuse treatment for each prisoner the [BOP] determines has a treatable condition of substance addiction or abuse." 18 U.S.C. § 3621(b). As an incentive for a prisoner to participate in substance abuse treatment while in custody, Congress provided that "[t]he period a prisoner **convicted of a nonviolent offense** remains in custody after successfully completing a treatment program **may** be reduced by the [BOP], but such reduction may not be more than one year from the term the prisoner must otherwise serve." 18 U.S.C. § 3621(e)(2)(B) (emphasis added). As the Ninth Circuit has noted:

> The express purpose of § 3621(e) is to provide prisoners with an "incentive" to enter and complete a substance abuse treatment program, and it does so in the case of nonviolent offenders by offering them a sentence reduction of up to one year, at the discretion of the Bureau of Prisons. While some prisoners may be willing to enroll, and even to complete treatment, simply on the basis of a reasonable expectation that they will be found eligible, or even simply because they desire to cure themselves of drug addiction, prisoners who know prior to enrollment that they are eligible to receive a shorter sentence are likelier to enroll, and those who are found during the course of the program to be eligible for early release are likelier to complete the program. Thus, the Bureau's ability to render final eligibility decisions that

---

1. Under BOP regulations, the drug abuse treatment program requires "a course of individual and group activities provided by a team of drug abuse treatment specialists and the drug abuse treatment coordinator in a treatment unit set apart from the general prison population, lasting a minimum of 500 hours over a six to twelve-month period. Inmates [also] . . . shall be required to complete subsequent transitional services programming in a community-based program and/or in a[BOP] institution." 28 C.F.R. § 550.56.

2. In denying petitioner's administrative appeals, both the Regional Director and the National Inmate Appeals Administrator for the Central Office erroneously stated that the ground for denial of petitioner's early release was petitioner's two-level sentence enhancement for possession of a weapon. *See* Return, Exh. N at 55, Exh. P at 57.

are subject to completion of the drug treatment program enables it to make more effective use of the program.

*Cort v. Crabtree,* 113 F.3d 1081, 1085 (9th Cir.1997).

Congress defined several terms in Section 3621(e)(2)(B), but it did not define the term "convicted of a nonviolent offense." *Downey v. Crabtree,* 100 F.3d 662, 664 (9th Cir.1996); *Byrd v. Hasty,* 142 F.3d 1395, 1396 (11th Cir.1998). Thus, to implement the Act and to establish the specific criteria for sentence reductions under 18 U.S.C. § 3621(e)(2)(B), the BOP promulgated 28 C.F.R. § 550.58 and issued Program Statement 5162.02. Section 550.58 did two things:

> (1) as a matter of statutory interpretation, it defined "prisoner convicted of a nonviolent offense" in § 3621(e)(2)—the type of prisoner the BOP is not forbidden to release early—to mean a prisoner whose "current offense" does not meet the definition of "crime of violence" in 18 U.S.C. § 924(c)(3). Second, it laid out certain criteria under which the BOP would categorically refuse to exercise its discretion to grant early release.

*Guido v. Booker,* 37 F.Supp.2d 1289, 1293 (D.Kan.1999) (citations omitted), *affirmed by, Ward v. Booker,* 202 F.3d 1249 (10th Cir.2000); *LaSorsa v. Spears,* 2 F.Supp.2d 550, 557 (S.D.N.Y.1998).

To explain Section 550.58's reference to "crime of violence," within the context of 18 U.S.C. § 924(c)(3), Program Statement 5162.02 divided criminal offenses into four categories: (1) "criminal offenses that are crimes of violence in all cases"; (2) "criminal offenses that may be crimes of violence depending on the base offense level assigned"; (3) "criminal offenses that may be crimes of violence depending on the specif-

ic offense characteristic assigned"; and (4) "criminal offenses that may be crimes of violence depending on a variety of factors." *Guido,* 37 F.Supp.2d at 1293–94; *LaSorsa,* 2 F.Supp.2d at 558. "For categories 2 and 3, BOP personnel were instructed to examine the sentence imposed by the court and [determine] whether under the sentencing guidelines the court had found the offense involved violence." *LaSorsa,* 2 F.Supp.2d at 558. "For category 4, ... [BOP] personnel were instructed to review the presentence investigation ... report to see if the surrounding facts warranted a finding of a 'crime of violence.'" *Id.*

The Ninth Circuit, in Downey, held that the BOP's categorical denial, under 28 C.F.R. § 550.58 and Program Statement 5162.02, of early release credit for inmates who receive a sentence enhancement for possession of a firearm conflicted with the term "convicted of a nonviolent offense" in Section 3621(e)(2)(B). *Downey,* 100 F.3d at 668. Instead, "Downey held that the BOP may only look to the inmate's offensive conviction when considering whether an inmate has been convicted of a 'nonviolent offense,' and may not take into account sentencing enhancers." *Davis v. Crabtree,* 109 F.3d 566, 569 (9th Cir.1997); *Downey,* 100 F.3d at 668–70.

The BOP, in response to the decisions in Downey, Davis and related cases,[3] promulgated amendments to 28 C.F.R. § 550.58, which provide:

> *Additional early release criteria.* (1) **As an exercise of the discretion vested in the Director of the Federal Bureau of Prisons**, the following categories of inmates are **not eligible** for early release:
>
> (i) INS detainees;
>
> (ii) Pretrial inmates;

**3.** A majority of the circuit courts have agreed with the Ninth Circuit and held that BOP may not consider sentence enhancements in determining whether a prisoner is eligible for early release under Section 3621(e)(2)(B). *See, e.g., Fristoe v. Thompson,* 144 F.3d 627, 631 (10th Cir.1998); *Byrd,* 142 F.3d at 1397–1398; *Martin v. Gerlinski,* 133 F.3d 1076,

1079–1080 (8th Cir.1998); *Bush v. Pitzer,* 133 F.3d 455, 457 (7th Cir.1997); *Roussos v. Menifee,* 122 F.3d 159, 162–164 (3d Cir.1997); *but see Pelissero v. Thompson,* 170 F.3d 442 (4th Cir.1999); *Venegas v. Henman,* 126 F.3d 760 (5th Cir.1997), *cert. denied,* 523 U.S. 1108, 118 S.Ct. 1679, 140 L.Ed.2d 817 (1998).

**1232**

(iii) Contractual boarders . . . ;

(iv) Inmates who have a prior felony or misdemeanor conviction for homicide, forcible rape, robbery or aggravated assault, or child sexual abuse offenses;

(v) Inmates who are not eligible for participation in a community based program . . . ; [and]

(vi) Inmates whose current offense is a felony:

(A) That has as an element, the actual, attempted or threatened use of physical force against the person or property of another, or

(B) That involved the carrying, possession or use of a firearm or other dangerous weapons or explosives . . . , or

(C) That by its nature of conduct, presents a serious potential risk of physical force against the person or property of another, or

(D) That by its nature or conduct involves sexual abuse offenses committed upon children.

28 C.F.R. § 550.58(a)(1) (October 15, 1997) (emphasis added). To assist BOP personnel in understanding the amendments to Section 550.58, BOP issued Program Statement 5162.04, *"Categorization of Offenses,"* effective October 9, 1997. Return, Exh. E at 25–43. Section 2 of Program Statement 5162.04 provides that "[a]n inmate will be denied the benefits of certain programs if his or her offense is *either* a crime of violence *or* an offense identified at the discretion of the Director of the Bureau of Prisons." (emphasis added). *Id.* at 25. Section 5 provides that "[t]he offenses contained in these titles that may be crimes of violence are listed in Section 6." Section 6 does not list 21 U.S.C. § 846 as a "crime of violence." Section 7 lists of-

fenses that are not categorized as crimes of violence, but would nevertheless preclude an inmate receiving Bureau program benefits at the Director's discretion. Return, Exh. E at 26. Section 7 similarly provides:

[A]n inmate may be denied program benefits if he or she was convicted of an offense listed in *either* this section or Section 6 . . . [¶] As an exercise of the discretion vested in the Director, an inmate serving a sentence for an offense that falls under the provisions described below shall be precluded from receiving certain Bureau program benefits. [¶] Inmates whose current offense is a felony that . . . has an element, the actual, attempted, or threatened use of physical force against the person or property of another . . . .

*Id.* at 32–33 (emphasis added). Section 7 lists 21 U.S.C. § 846 as an "offense[ ] for which there could be a Specific Characteristic enhancement. . . ." [4] *Id.* at 38.

■ In *Bowen v. Hood,* 202 F.3d 1211 (9th Cir.2000) (per curiam), the Ninth Circuit held that, in amending Section 550.58 and issuing Program Statement 5162.04 in 1997, the BOP properly exercised its discretion in categorically denying early release to inmates convicted of nonviolent offenses that were enhanced due to carrying, possession, or use of a firearm. *Id.* at 1219–20. The Ninth Circuit also held, however, that the amendments to Section 550.58 and Program Statement 5162.04 could not be applied retroactively to deny early release to inmates who had received notice of provisional eligibility for early release before October 15, 1997, the date the BOP amended Section 550.58. *Bowen,* 202 F.3d at 1216, 1220–23.

---

**4.** Section 7 also indicates that in cases of conspiracy "it is necessary to examine the 'underlying offense[,]' " and provides the following pertinent example:

*Example:* The Judgment and Commitment Order may indicate a conviction for "Attempt and Conspiracy" (21 U.S.C. § 846). The accompanying Presentence Investiga-

tion Report will reference the underlying crime, in many cases it will be "Possession with Intent to Distribute a Controlled Substance" (21 U.S.C. § 841). Staff should then review the underlying offense . . . to determine whether it satisfies the standard listed in . . . Section 7.

*Id.* at 41.

Here, the petitioner was informed on June 18, 1997, that he was provisionally eligible for early release upon completion of the RDAP. Thus, as the respondent candidly acknowledges, the pending habeas petition is governed by Bowen's second holding. Return at 4:17–18. "Having been notified by the [BOP] that [he] would be eligible for early release consideration, the [petitioner] clearly had settled expectations of early release eligibility." *Bowen*, 202 F.3d at 1223. "Accordingly, the Bureau of Prisons remains bound by its initial determination that [petitioner is] statutorily eligible for sentence reduction under 18 U.S.C. § 3621(e)(2)(B), and it must now decide, within its discretion, whether to grant the reduction."[5] *Cort*, 113 F.3d at 1087.

## IV

■ The respondent requests the Court stay this matter until Bowen has been "finally decided," Return at 3:21–5:2, and notes that a petition for rehearing en banc was filed. Return at 1:17–24. As the Ninth Circuit has noted:

> [H]abeas proceedings implicate special consideration that place unique limits on a district court's authority to stay a case in the interests of judicial economy. "The application for the writ usurps the attention and displaces the calendar of the judge or justice who entertains it and receives prompt action from him within the four corners of the application." Special solicitude is required because the writ is intended to be a " 'swift and imperative remedy in all cases of illegal restraint or confinement.' " Accordingly, the statute itself directs courts to give petitions for habeas corpus "special, preferential consideration to insure expeditious hearing and determination."

*Yong v. Immigration & Naturalization Serv.*, 208 F.3d 1116, 1120 (9th Cir.2000)

5. Having reached this conclusion, this Court need not consider the other arguments raised

(citations omitted). Thus, respondent's request to stay this action should be denied.

## RECOMMENDATION

IT IS RECOMMENDED that the Court issue an Order: (1) approving and adopting this Report and Recommendation; (2) adopting the Report and Recommendation as the findings of fact and conclusions of law herein; (3) denying respondent's request for a stay; and (4) directing that Judgment be entered granting the petition and deeming petitioner eligible for early release under 18 U.S.C. § 3621(e)(2)(B).

May 31, 2000.