**Rick L. LANDRY, Plaintiff,**

v.

**Kathleen M. HAWK–SAWYER, et al., Defendants.**

**No. Civ.A. 99–2491(PLF).**

United States District Court, District of Columbia.

Nov. 22, 2000.

Rick L. Landry, Beaumont, TX, plaintiff pro se.

Paul A. Mussenden, Assistant U.S. Attorney, Washington, DC, for defendant.

## MEMORANDUM OPINION

PAUL L. FRIEDMAN, District Judge.

Plaintiff challenges the refusal of the Federal Bureau of Prisons to consider him eligible for the one year sentence reduction for completion of a drug treatment program authorized by 18 U.S.C. § 3621. At his sentencing for possession with intent to distribute heroin, plaintiff received a two level enhancement for having been a felon in possession of a firearm during a search of his home several days after the drug offense. A Program Statement of the Bureau of Prisons denies benefit of the sentence reduction to all individuals who received such a sentence enhancement. Plaintiff has sued the Attorney General and the Director of the Bureau of Prisons, arguing that the regulation under which he was denied eligibility conflicts with the statute. The defendants have moved to dismiss and plaintiff has cross-moved for summary judgment. On consideration of the motions, the respective responses, the record of this case, and the applicable law, the Court will deny defendants' motion and grant summary judgment for plaintiff.

## I. BACKGROUND

In 1997, plaintiff pleaded guilty to one count of possession with intent to distribute heroin, 21 U.S.C. § 841(a)(1). The remaining three counts of the indictment were dismissed at sentencing; one of those counts charged plaintiff with being a convicted felon in possession of firearms, in violation of 18 U.S.C. § 922(g)(1). At sentencing, the court applied a two level sentence enhancement pursuant to Section 2D1.1(b)(1) of the United States Sentencing Guidelines, for an offense involving both drugs and possession of a firearm.

While serving his sentence of 60 months' imprisonment, plaintiff entered and successfully completed the Bureau of Prisons' 500 hour residential drug abuse program.

He has been denied any reduction in his sentence, however, based on the interpretation of the relevant statute by the Bureau of Prisons.

## II. DISCUSSION

### A. Jurisdiction

The defendants first argue that because plaintiff essentially challenges the length of his sentence, his actions must be considered as sounding in habeas corpus. Under settled law, petitions for habeas corpus must be brought against a prisoner's custodian in the jurisdiction in which the prisoner is incarcerated. *See Chatman–Bey v. Thornburgh*, 864 F.2d 804, 811 (D.C.Cir.1988). Defendants seek to have the case dismissed because this Court does not have jurisdiction over plaintiff's warden in Texas.

Plaintiff emphasizes that he is not challenging the duration of his confinement. He argues that his classification as a violent offender has had an immediate effect on the conditions of his confinement because it makes him ineligible for various programs in addition to the possibility of early release. He notes that the United States Court of Appeals for the Seventh Circuit in *Bush v. Pitzer*, 133 F.3d 455 (7th Cir.1997), suggested that jurisdiction to consider similar claims could be found under the Administrative Procedure Act.

The Court of Appeals for this Circuit has recently clarified the types of claims that must be brought in habeas corpus. Only claims that " 'necessarily imply,' or automatically result in, a speedier release from prison" are required to be brought under habeas corpus. *Anyanwutaku v. Moore*, 151 F.3d 1053, 1056 (D.C.Cir.1998). In that case, because the plaintiff's success in challenging his parole eligibility date would not necessarily result in a shorter sentence, the Court concluded that he was not required to sue in habeas. Similarly, if plaintiff prevails in the instant case, the amount of time he must serve before release will not necessarily be reduced.

Rather, all that will happen as a result will be that the Director of the Bureau of Prisons will exercise her discretion whether to grant him a reduction in sentence on factors individual to plaintiff rather than simply on the application of a two point sentence enhancement. Therefore, plaintiff was not required to bring this action in habeas. Defendants' motion to dismiss for improper venue or alternatively to transfer this case to the Eastern District of Texas will be denied.

Several courts that recently have considered similar claims have determined that jurisdiction to review the validity of the Bureau of Prisons' Program Statement may be appropriate under the Administrative Procedure Act. *See, e.g., Fristoe v. Thompson,* 144 F.3d 627 (10th Cir.1998); *Martin v. Gerlinski,* 133 F.3d 1076 (8th Cir.1998); *Bush v. Pitzer, supra; Myles v. United States,* No. 97–1644 (July 15, 1998) (Judge Jackson); *Miller v. United States,* 964 F.Supp. 15 (D.D.C.1997), *vacated and dismissed as moot,* 1998 WL 388806 (D.C.Cir.1998) (Table) (Judge Friedman). Judicial review of the Bureau's substantive decision to grant or deny a sentence reduction to a particular prisoner is precluded by 18 U.S.C. § 3625. In the Regulation and Program Statement that plaintiff challenges, however, the Bureau of Prisons purports to interpret the intention of Congress in providing that the sentence of a prisoner "convicted of a nonviolent offense," who completes a treatment program, "may be reduced...." 18 U.S.C. § 3621(e)(2)(B). Plaintiff argues that the Bureau has incorrectly interpreted the statute when it categorically excludes a person convicted of a nonviolent offense who received a two point sentence enhancement for possession of a firearm. While some deference is accorded the Bureau of Prisons in interpreting the statute that it is to administer, "[t]he [federal] courts ... have responsibility to resolve issues of statutory construction." *Downey v. Crabtree,* 100 F.3d 662, 666 (9th Cir. 1996).[1] The Court therefore finds that it has jurisdiction to review plaintiff's claims under the Administrative Procedure Act.[2]

### B. The Merits

In 1990, Congress directed the Bureau of Prisons to provide "appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse." 18 U.S.C. § 3621(b). Residential treatment while the prisoner is in custody and appropriate aftercare are to be provided for all "eligible" prisoners after fiscal year 1997, "with priority for such treatment accorded based on an eligible prisoner's proximity to release date." 18 U.S.C. § 3621(e)(1)(C). In order to induce drug abusers to address their problems while in custody, Section 3621(e)(2) authorizes the Bureau to relax the conditions of custody for a prisoner who has successfully completed such a residential drug treatment program or, in some cases, to reduce the period of custody. Of particular relevance to plaintiff's claim, Section 3621(e)(2)(B) provides:

> [t]he period a prisoner *convicted of a nonviolent offense* remains in custody after successfully completing a treatment program *may be reduced* by the Bureau of Prisons, but such reduction

---

1. *See Reno v. Koray,* 515 U.S. 50, 61, 115 S.Ct. 2021, 132 L.Ed.2d 46 (1995) (Bureau of Prisons' Program Statement entitled to less deference because not promulgated under the APA).

2. Plaintiff's reliance on Section 1983 of Title 42 is misplaced. Section 1983 applies only to actions taken "under color of state law" and has no application to acts of federal officials such as the Bureau of Prisons, its Director, and the Warden of a federal institution. Nor does the Privacy Act provide a basis for jurisdiction. Plaintiff does not claim that his records contain inaccurate information, but rather that the defendants have interpreted a statute incorrectly. Plaintiff concedes that he does not state a claim for monetary damages. See Plaintiff's Opposition to Defendants' Motion to Dismiss and Motion for Summary Judgment at 15 n. 8. He seeks only reimbursement of court costs. *Id.* at 16.

# 20

may not be more than one year from the term the prisoner must otherwise serve. 18 U.S.C. § 3621(e)(2)(B) (emphasis added).

The first regulation promulgated by the Bureau of Prisons to implement this statute defined the term "nonviolent offense" as being the opposite of "crime of violence" and thus excluded from the sentence reduction program any inmate whose "current offense [was] determined to be a crime of violence as defined in 18 U.S.C. § 924(c)(3)," that is, any inmate convicted of a felony which:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

This regulation defined drug offenses as "crimes of violence" if the sentence imposed included a two-level enhancement under the Sentencing Guidelines for possession of a dangerous weapon.

An overwhelming majority of the circuits that have addressed the question have held that this definition was not a valid interpretation of Section 3621(e) because the statute refers to the offense of conviction under the relevant statute, not to sentencing enhancements under the Guidelines. *See Byrd v. Hasty,* 142 F.3d 1395, 1397 (11th Cir.1998) (collecting cases); *Fristoe v. Thompson,* 144 F.3d 627, 631 (10th Cir.1998) ("offense" as used in the statute does not include sentencing enhancements; reliance on enhancements

conflicts with language of statute); *Martin v. Gerlinski,* 133 F.3d 1076, 1079–80 (8th Cir.1998) (Bureau exceeded statutory authority by categorically considering sentencing factors other than offense of conviction); *Fuller v. Moore,* 133 F.3d 914 (4th Cir.1997) (Table) (opinion at 1997 WL 791681); *Roussos v. Menifee,* 122 F.3d 159, 162 (3d Cir.1997) (unambiguous statutory language speaks only in terms of conviction, not sentencing enhancement); *Downey v. Crabtree,* 100 F.3d 662, 666 (9th Cir.1996); *contra Venegas v. Henman,* 126 F.3d 760, 761–62 (5th Cir.1997), *cert. denied,* 523 U.S. 1108, 118 S.Ct. 1679, 140 L.Ed.2d 817 (1998). Several judges in this District also have concluded that the defendants' interpretation was wrong.[3] *E.g., Lerma v. United States,* No. 97–2586, *appeal vacated and case dismissed as moot,* No. 98–5515 (November 2, 1998) (Judge Hogan); *Perez v. Bureau of Prisons,* No. 97–0380 (January 30, 1998) (Judge Urbina); *Myles v. United States,* No. 97–1644 (July 15, 1998) (Judge Jackson); *Miller v. United States,* 964 F.Supp. 15 (D.D.C. 1997), *vacated and dismissed as moot,* 1998 WL 388806 (D.C.Cir.1998) (Table) (Judge Friedman).[4]

Thereafter, the Bureau revised its regulation and program statement to delete the references to Section 924(c)(3). As now written, the relevant regulation excludes from the sentence reduction program "[a]s an exercise of the discretion vested in the Director of the Federal Bureau of Prisons" any inmate convicted of a felony "[t]hat involved the carrying, *possession,* or use of a firearm or other dangerous weapon...." 28 C.F.R. § 550.58 (emphasis added.) Program Statement 5162.04, issued to assist in interpretation

---

3. Some cases were transferred to the district of incarceration before the Court of Appeals' decision in *Anyawataku* made it clear that claims such as plaintiff's could be brought in this court. *See, e.g., Montgomery v. United States,* Civil Action No. 97–2514 (transferring case to avoid delay to plaintiff if this Court did not have jurisdiction under Administrative Procedure Act); *Daves v. Reno,* Civil Action

No. 97–2039 (March 24, 1998), *aff'd,* No. 98–8019 (May 29, 1998).

4. The Government's appeal in *Miller* was dismissed and this Court's judgment vacated because Miller had been paroled. Nevertheless, the government agreed to remove from its records the notification of Miller as a violent offender.

of this regulation, specifically states that a person convicted of a drug offense under 21 U.S.C. § 841 who received a two point sentencing enhancement for possession of a weapon is not eligible for early release "at the director's discretion." These inmates, including plaintiff, remain ineligible for early release because they are considered to have been convicted of a felony "that involved ... possession ... of a firearm."

The courts that have considered this new regulation differ as to whether it is a valid exercise of administrative authority. The majority of courts have concluded that this regulation is simply a wolf in sheep's clothing, that is, that the Bureau of Prisons has invoked a blanket exercise of discretion in an attempt to evade the decisions holding that eligibility for early release must be based on "the offense of conviction" without regard to sentencing enhancements. *See, e.g., Ward v. Booker,* 202 F.3d 1249 (10th Cir.2000), *petition for cert. filed,* 69 U.S.L.W. 3023 (U.S. July 3, 2000) (No. 00–18);[5] *Samples v. Scibana,* 74 F.Supp.2d 702 (E.D.Mich.1999); *Rodriguez v. Herrera,* 72 F.Supp.2d 1229 (D.Colo.1999); *Todd v. Scibana,* 70 F.Supp.2d 779 (E.D.Mich.1999); *Kilpatrick v. Houston,* 36 F.Supp.2d 1328 (N.D.Fla.), *aff'd,* 197 F.3d 1134 (11th Cir. 1999), *rehearing & rehearing en banc denied,* 211 F.3d 596 (11th Cir.2000), *petition for cert. filed,* 69 U.S.L.W. 3001 (U.S. June 14, 2000) (No. 99–2008); *Tillmon v. Hemingway,* 2000 WL 1661392 (E.D.Mich. 2000); *contra Bellis v. Davis,* 186 F.3d 1092 (8th Cir.1999), *cert. granted sub nom Lopez v. Davis,* —— U.S. ——, 120 S.Ct. 1717, 146 L.Ed.2d 640 (2000).[6] The purpose of the current regulation is candidly admitted by defendants: to "find that certain types of offenders are ineligible for early release due to their *commission of a*

*violent offense."* Memorandum in Support of Defendants' Motion to Dismiss at 20 (emphasis added). Yet the cases that invalidated the previous incarnation of the regulation held that the focus must be on the offense *of conviction,* without regard to guidelines enhancements. The statute plainly authorizes reduction of the period of custody when a "prisoner convicted of a *nonviolent offense* " successfully completes the treatment program. 18 U.S.C. § 3621(e)(2)(B) (emphasis added). *See, e.g., Fristoe v. Thompson,* 144 F.3d at 631.

Significantly, the Supreme Court heard argument on this issue on October 30, 2000, in *Lopez v. Davis.* Because the Supreme Court's opinion in *Lopez* will probably be conclusive, an extended discussion is not necessary. Suffice it to say that this Court is persuaded by the reasoning of the courts that have held the current regulation invalid because it adds an eligibility requirement not intended by Congress. The discretion vested in the Bureau of Prisons to grant or refuse early release is more reasonably to be exercised on an individual basis than by a blanket exclusion of individuals based on sentencing factors or other aspects of pre-conviction conduct. Accordingly, the Court will deny defendants' motion to dismiss and grant plaintiff's motion for summary judgment. The Bureau of Prisons shall consider plaintiff for early release consistent with this Opinion.

An appropriate order accompanies this Memorandum Opinion.

### FINAL JUDGMENT

For the reasons stated in the accompanying Memorandum Opinion, it is by the Court this 22nd day of November, 2000,

ORDERED that defendants' motion to dismiss [Dkt. # 13–1] is DENIED. It is

---

**5.** The decision in *Guido v. Booker,* 37 F.Supp.2d 1289 (D.Kan.1999) was affirmed in *Ward.*

**6.** The district court decisions in *Nelson v. Crabtree,* 59 F.Supp.2d 1081 (D.Or.1999) and

*Williams v. Clark,* 52 F.Supp.2d 1145 (C.D.Cal.1999) are of less weight following the Circuit decision in *Bowen v. Hood,* 202 F.3d 1211 (9th Cir.2000) which upheld the current regulation.

FURTHER ORDERED that plaintiff's motion for summary judgment [Dkt. # 16–1] is GRANTED. The case is remanded to the Federal Bureau of Prisons for consideration consistent with the Memorandum Opinion. Plaintiff shall recover the cost of his filing fee, which has been paid in full.

This is a final appealable order. Fed. R.Civ.P. 4(a).