[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 24, 2005
THOMAS  K. KAHN
CLERK

_____

No. 04-10879
Non-Argument Calendar

_____

D.C. Docket No. 02-00087-CV-1-DHB

DAVID CARL MARSHALL,

Petitioner-Appellant,

versus

TONY HOWERTON, Warden,

Respondent-Appellee.

_____

Appeal from the United States District Court for the
Southern District of Georgia

_____

**(May 24, 2005)**

Before ANDERSON, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

David Carl Marshall, a Georgia prisoner, appeals <u>pro</u> <u>se</u> the district court's denial of his 28 U.S.C. § 2254 petition to vacate, set aside, or correct his sentence. We issued an order granting a certificate of appealability ("COA") as to one issue: whether the district court violated <u>Clisby v. Jones</u>, 960 F.2d 925 (11th Cir. 1992)(<u>en</u> <u>banc</u>), by failing to address Marshall's claim that the two attorneys who were to have represented him at trial, John Flemming and Maureen Floyd, were ineffective for withdrawing immediately before trial and causing the trial counsel, Angela McElroy, to be appointed just four days before trial.

Marshall argues on appeal that Fleming and Floyd rendered ineffective assistance by abandoning him and leaving him to be represented by a new attorney four days prior to trial, and that the new attorney did not have adequate time to prepare the case such that he was denied the right to counsel. Marshall argues that the district court violated <u>Clisby</u> by failing to address his claim that Fleming and Floyd were ineffective.[1]

A district court's denial of habeas corpus relief is reviewed <u>de</u> <u>novo</u>. See <u>Byrd v. Hasty</u>, 142 F.3d 1395, 1396 (11th Cir.1998). The district court must

---

[1] Marshall also requests that we rule on numerous issues not covered by the COA, and, in the alternative, that his § 2254 petition be held in abeyance so that he might return to state court and raise the remaining claims. These claims were included in the § 2254 petition, and we declined to include them in the COA. We decline to consider them here as well. See <u>Murray v. United States</u>, 145 F.3d 1249, 1250-51 (11th Cir. 1998).

address and resolve all constitutional claims raised by a habeas petitioner and failure to do so requires remand for the district court to consider the petitioner's claim(s) in the first instance. Weeks v. Singletary, 963 F.2d 316, 320-21 (11th Cir. 1992) (considering the district court's denial of habeas relief; remanding for consideration of a constitutional claim that the district court had ignored and for consideration of other constitutional claims that the district court had stated ambiguous reasons for not considering; holding the district court should address the merits of all claims or articulate its reason for not doing so); Clisby v. Jones, 960 F.2d 925, 934-36 (11th Cir. 1992)(en banc) (holding that district court's reservation of constitutional claims without addressing or deciding them required remand for disposition of those claims). In Clisby, the district court considered 19 claims, of which it disposed of 13, granted 1, and reserved judgment on 5, leading us to remand the case for the district court to consider the unresolved issues. Id. at 935. Where a district court has failed to resolve all claims, it may wreak "havoc" on court systems, so we will remand the matter to the district court to consider any unresolved claims. Id. at 938.

Here, the court below permitted Marshall to amend his petition to include the ineffective assistance claim. However, it did not address the claim. The holding in Clisby is clear that the district court is required to explore the facts and

3

merits of each of Marshall's arguments. Because the district court ruled that the present ineffective assistance of counsel claim would be considered, and did not later reconsider this decision, it was bound to address the claim. Therefore, we vacate and remand for the limited purpose of allowing the district court to examine the claim on procedural and substantive grounds.

Upon review of the record, and upon consideration of the parties' briefs, we conclude that the district court erred by failing to address the claim. Accordingly, we vacate and remand for further proceedings consistent with this opinion.

**VACATED AND REMANDED.**[2]

---

[2] Marshall's motion for oral argument is denied.