[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 15, 2012
JOHN LEY
CLERK

No. 11-13721
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cv-00387-HLM


DAVID A. SAWYERS,

                                              Petitioner-Appellant,

                          versus


WARDEN, USP ATLANTA,

                                              Respondent-Appellee.


_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(February 15, 2012)

Before TJOFLAT, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

David Sawyers, a District of Columbia Code offender serving an aggregated 23-years to life sentence in a Bureau of Prisons ("BOP") facility, appeals *pro se* the district court's dismissal of his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] He argues that the district court failed to properly credit him with 154 days of District of Columbia Educational Good Time ("DCEGT") he earned while incarcerated in the District of Columbia's Department of Corrections. ("DCDC"). He maintains that, when he was transferred to the BOP's custody, his sentence was recalculated and the 154-day credit that he previously had been awarded while in DCDC custody was deducted. The BOP deducted it on the ground that he failed to submit documentation verifying the award of DCEGT. The BOP was wrong, he says, because it overlooked the fact that he provided it with an official "Face Sheet," which documents the award.

An inmate may challenge with a § 2241 petition the BOP's interpretation or administration of credits such as those involved in this case. *See, e.g., Byrd v. Hasty*, 142 F.3d 1395, 1397 (11th Cir. 1998) (addressing inmate's § 2241 petition

---

[1] In deciding Sawyer's appeal, we review *de novo* the district court's dismissal of Sawyers's petition. *Skinner v. Wiley*, 355 F.3d 1293, 1294 (11th Cir. 2004).

challenging the BOP's denial of his request to participate in a drug abuse treatment program). Under the National Capitalization Revitalization and Self-Government Improvement Act of 1997 (the "Revitalization Act"), Pub. L. No. 105-33, § 11231(a)(1), 111 Stat. 251, 734 (1997), the custody of inmates, like Sawyers, incarcerated under the D.C. Code was transferred to the BOP. D.C. Code § 24-101(a). Section 24-221.01(a) of the D.C. Code provides that

> Every person whose conduct complies with institutional rules and who demonstrates a desire for self-improvement by successfully participating in an academic or vocational program, including special education and Graduate Equivalency Diploma programs, shall earn educational good time credits of no less than 3 days a month and not more than 5 days a month.

D.C. Code § 24-221.01(a).

An inmate whose offense conduct occurred between April 11, 1987, and August 5, 2000, is entitled to earn DCEGT. BOP PS ¶ 12.2(e). "For D.C. Code offenders transferred to the BOP, educational good time credits are noted in the 'Conduct Credits' section of the DCDC Face Sheet. *Id.* ¶ 12.2(i). Under BOP policy, however, DCEGT credits are not to be awarded "until the D.C. Educational Good Time form is received from the Supervisor of Education." *Id.* ¶ 12.2(n).

Sawyers, as a § 2241 petitioner, in claiming entitlement to 154 days of DCEGT earned while incarcerated in the DCDC, had the burden of proving that

the BOP had received the D.C. Educational Good Time form from the Supervisor of Education and, having received it, incorrectly calculated his parole eligibility date. Sawyers failed to prove this, however, as the district court properly found. And because he failed to satisfy his burden of proof, he was not entitled to § 2241 relief.

AFFIRMED.