Michael BOURKE, Appellee,

v.

Kathleen M. HAWK–SAWYER, Appellant.

No. 00–5422.

United States Court of Appeals, District of Columbia Circuit.

Decided Nov. 2, 2001.

Wilma A. Lewis, U.S. Attorney at the time the motion was filed, and R. Craig Lawrence and W. Mark Nebeker, Assistant U.S. Attorneys, were on the motion for summary reversal filed by appellant Kathleen M. Hawk–Sawyer.

Michael Bourke, pro se.

Before: GINSBURG, Chief Judge; HENDERSON and GARLAND, Circuit Judges.

Opinion for the Court filed by Chief Judge GINSBURG.

GINSBURG, Chief Judge:

On Motion for Summary Reversal

■ The question presented by this appeal is whether a federal prisoner claiming the Bureau of Prisons unlawfully declared him ineligible to be considered for a reduction of sentence may challenge that determination by a petition for mandamus. We hold that he may not; a writ of habeas corpus is the exclusive remedy for such a claim.

Appellee Michael Bourke was convicted in the United States District Court for the District of Hawaii of violating 18 U.S.C. § 922(o)(1) (possession of a machine gun), and 21 U.S.C. § 841(a) (possession of a controlled substance). Bourke is serving his sentence in a federal prison in Texas.

Bourke sought a reduction of his sentence pursuant to 18 U.S.C. § 3621(e)(2)(B), which authorizes the Bureau of Prisons to grant a one-year reduction of sentence to a nonviolent offender who has successfully completed a qualified substance abuse program. The BOP determined that Bourke was not eligible to be considered for a sentence reduction because the possession of a machine gun is, in its view, a crime of violence.

Bourke filed in the United States District Court for the District of Columbia a petition for writ of mandamus in which he challenged the BOP's determination. In response the Director of the Bureau argued that the case must be dismissed without prejudice or transferred to the United States District Court for the Northern District of Texas because Bourke is required to proceed by way of a habeas petition, and must therefore file his petition in the jurisdiction of his confinement. The district court held that Bourke need not bring his claim in habeas because Bourke did not seek early release but merely the opportunity to be considered for early release. Accordingly, the district court addressed the merits of Bourke's claim and granted judgment in his favor. The Director appealed and moved this court for summary reversal on the ground that, because Bourke's sole remedy is a habeas petition in the jurisdiction of his

confinement, the district court here lacked jurisdiction.

At the time the district court rendered its decision, the law of this circuit was somewhat unclear regarding whether a federal prisoner is required to proceed by a petition for habeas corpus where a judgment in his favor would not necessarily or immediately result in his earlier release, but would set in motion a process that will have that consequence if he prevails. In *Chatman-Bey v. Thornburgh,* 864 F.2d 804, 808–10 (D.C.Cir.1988) (en banc), this court had held that a federal prisoner seeking to challenge his parole eligibility date was required to proceed in habeas, even though success upon his claims would not necessarily result in his earlier release. Later, however, in *Anyanwutaku v. Moore,* 151 F.3d 1053, 1055–57 (D.C.Cir. 1998), we permitted a District of Columbia prisoner to challenge his parole eligibility date in a suit for damages under 42 U.S.C. § 1983. In the latter case, we relied primarily upon two Supreme Court cases, *Edwards v. Balisok,* 520 U.S. 641, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997) (holding that a state prisoner must bring his claim in habeas only if by prevailing he would necessarily "prove the unlawfulness of his conviction or confinement"), and *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994) (same). We distinguished *Chatman-Bey* as involving a federal prisoner—the court in *Chatman-Bey* had emphasized that "what federal habeas corpus accomplishes for federal prisoners [is] having federal claims adjudicated in a federal forum," 864 F.2d at 810—and we expressly reserved the question whether *Chatman-Bey* was still valid in the light of *Balisok* and *Heck.*

■ Shortly after the district court rendered judgment in favor of Bourke, however, this court upheld the continuing vitality of *Chatman-Bey. See Razzoli v. Federal Bureau of Prisons,* 230 F.3d 371 (D.C.Cir.

2000). A federal prisoner had sought declaratory relief and damages under the Privacy Act, arguing that the United States Parole Commission had wrongly delayed the time at which he would be eligible for parole. We adhered to the holding of *Chatman-Bey* that habeas corpus is the exclusive remedy for a federal prisoner challenging his parole eligibility date. 230 F.3d at 375–76. Moreover, this court made clear that habeas is the exclusive remedy for a federal prisoner bringing any claim that would have a "probabilistic impact" upon the duration of his custody. *See id.* at 373.

Clearly, therefore, if Bourke is to pursue his claim he must seek a writ of habeas corpus. As in *Razzoli* and *Chatman-Bey,* the crux of the appellant's claim is that he was illegally denied the "chance to secure his release." *Chatman-Bey,* 864 F.2d at 809. Although Bourke's success on this claim would not necessarily result in his being released any earlier, it would raise that possibility and thus have a "probabilistic impact" upon the duration of his custody. Accordingly, the motion for summary reversal is granted and this matter is remanded to the district court either to dismiss the case without prejudice or to transfer it to the district court for the district in which the appellant and his custodian are located. *See* 28 U.S.C. §§ 1404(a), 1406(a), 1631.

*So ordered.*