**Brian A. DAVIS, et al., Appellants,**

**Robert PRICE, et al., Appellees,**

v.

**U.S. CONGRESS, Appellee.**

No. 03–5268.

United States Court of Appeals,
District of Columbia Circuit.

June 29, 2004.

Rehearing En Banc Denied Sept. 3, 2004.

Brian A. Davis, Bradford, PA, pro se.

Robert Price, Edgefield, SC, pro se.

Jermaine Smith, Fort Dix, NJ, pro se.

Carlos Lamont Cleveland, Bradford, PA, pro se.

Philip Will Davis, Bradford, PA, pro se.

Kevin Ragins, Oklahoma City, OK, pro se.

Antwan Woods, Bradford, PA, pro se.

Rodney Bernard Madison, Bradford, PA, pro se.

Michael Joseph Hamlett, Youngstown, OH, pro se.

Davonn Anjou Hartfield, Bradford, PA, pro se.

Richard Stone, Bradford, PA, pro se.

R. Craig Lawrence, Assistant U.S. Attorney, U.S. Attorney's Office, Washington, DC, for Defendant–Appellee.

Warren Redlich, The Redlich Law Firm, Albany, NY, for Movant–Amicus Curiae–Appellant.

Before EDWARDS, RANDOLPH, and TATEL, Circuit Judges.

### *JUDGMENT*

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief and response to order to show cause filed by appellants. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the district court's judgment filed August 29, 2003 be affirmed in light of *Chatman–Bey v. Thornburgh,* 864 F.2d 804, 809 (D.C.Cir. 1988) (en banc) (habeas corpus is the exclusive remedy for a federal prisoner bringing any claim that would have a "probabilistic impact" upon the duration of his custody). That appellants are challenging the constitutionality of Congress's perpetuation of the 100:1 sentencing disparity between crack cocaine and powder cocaine does not place their claims outside the scope of *Chatman–Bey.* Appellants' argument that their action is properly brought under *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics,*

403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), because it is an equal protection claim also lacks merit. *See Chatman–Bey,* 864 F.2d at 808–809 (Congress intended the more specific federal habeas statute to be utilized by prisoners attacking the validity of their confinement as opposed to the "more generic civil rights remedy embodied in § 1983") (discussing *Preiser v. Rodriguez,* 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973)).

That Congress could remedy the sentencing disparity by raising sentencing levels for powder cocaine rather than lowering those for crack cocaine also does not change the fact that a finding in appellants' favor would have a probabilistic impact on the duration of their custody. *See Bourke v. Hawk–Sawyer,* 269 F.3d 1072, 1073 (D.C.Cir.2001) (although the prisoner's success on his claim "would not necessarily result in his being released any earlier, it would raise that possibility and thus have a 'probabilistic impact' upon the duration of his custody"); *see also Razzoli v. Fed'l Bureau of Prisons,* 230 F.3d 371, 373 (D.C.Cir.2000) (for a federal prisoner, habeas is indeed exclusive even when a non-habeas claim would have a merely probabilistic impact on the duration of custody).

Pursuant to D.C.Cir. Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.