**Lacy DAVIS III, Appellant**

v.

**FEDERAL BUREAU OF PRISONS and Harley G. Lappin, Director, Federal Bureau Prisons, Appellees.**

No. 08–5053.

United States Court of Appeals, District of Columbia Circuit.

June 5, 2009.

Rehearing En Banc Denied Oct. 2, 2009.

Lacy Davis, III, Fairton, NJ, pro se.

R. Craig Lawrence, Assistant U.S. Attorney, Jeffrey Allen Taylor, U.S. Attorney, Blanche Lynette Bruce, Assistant U.S. Attorney, U.S. Attorney's Office, Washington, DC, for Appellees.

Before: TATEL, GARLAND, and GRIFFITH,* Circuit Judges.

### *JUDGMENT*

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia as well as the briefs and oral arguments of the parties and amicus curiae. It is

**ORDERED** and **ADJUDGED** that the judgment of the district court dismissing appellant Lacy Davis III's Administrative Procedure Act claim be affirmed on the ground that Davis was required to bring

---

* A separate statement of Circuit Judge Griffith concurring in the judgment is attached.

his claim as a habeas corpus action. Under *Razzoli v. Federal Bureau of Prisons,* 230 F.3d 371 (D.C.Cir.2000), a federal prisoner must bring his claim in habeas if success would have a "probabilistic" effect on the duration of his custody. *See id.* at 375. Davis's claim, if successful, would increase his chances of obtaining a sentence reduction and therefore meets *Razzoli's* "habeas-channeling" standard. Although having already held that a narrower standard governs state prisoners' claims, *see Anyanwutaku v. Moore,* 151 F.3d 1053 (D.C.Cir.1998), we affirmed the probabilistic standard for federal prisoners in *Razzoli, see* 230 F.3d at 375–76. Since *Razzoli,* the Supreme Court in *Wilkinson v. Dotson,* 544 U.S. 74, 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005), has also held that the narrower standard governs state prisoners' claims. But because the Supreme Court has not expressly addressed whether this rule also applies to federal prisoners, and because its holding in *Wilkinson* rests on a reading of prior Supreme Court cases that we had already adopted by the time we decided *Razzoli, see Anyanwutaku,* 151 F.3d at 1055–56, the Supreme Court has not undermined *Razzoli's* binding distinction between federal and state. Whether or not we would decide *Razzoli* differently if operating on a clean slate, we remain bound by it as a matter of circuit precedent.

Because Davis must bring his claim as a habeas action, and therefore cannot assert it under the Administrative Procedure Act, the district court correctly dismissed the action, though the dismissal should be without prejudice. *See Bourke v. Hawk–Sawyer,* 269 F.3d 1072, 1074 (D.C.Cir. 2001). The matter is remanded to the district court either to dismiss the case without prejudice or to transfer it to the district court for the district in which the appellant and his custodian are located. *See id.* (citing 28 U.S.C. §§ 1404(a), 1406(a), 1631).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* FED. R.APP. P. 41(b); D.C.CIR. RULE 41.

GRIFFITH, Circuit Judge, concurring in the judgment:

I write separately because I do not agree that *Razzoli v. Federal Bureau of Prisons,* 230 F.3d 371 (D.C.Cir.2000), controls our decision. "[I]t is black-letter law that a circuit precedent eviscerated by subsequent Supreme Court cases is no longer binding on a court of appeals." *Dellums v. U.S. Nuclear Regulatory Comm'n,* 863 F.2d 968, 978 n. 11 (D.C.Cir. 1988). *Razzoli's* adherence to the broad habeas-channeling rule applied in *Chatman–Bey v. Thornburgh,* 864 F.2d 804 (D.C.Cir.1988) (en banc), rested primarily on the fact that the Supreme Court had not yet squarely held that claims with "a merely probabilistic impact on the duration of custody" need not be brought in habeas. 230 F.3d at 375–76. The court did not address the tension between this broad reading of Supreme Court precedent and the narrower one adopted in *Anyanwutaku v. Moore,* 151 F.3d 1053 (D.C.Cir.1998); indeed, it approvingly cited the Seventh Circuit's application of the broad reading to state prisoners, in direct conflict with *Anyanwutaku. See Razzoli,* 230 F.3d at 376. But the Supreme Court has now made clear that *Anyanwutaku's* reading is correct and *Razzoli's* incorrect. *See Wilkinson v. Dotson,* 544 U.S. 74, 82, 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005) (claims that "will not necessarily imply the invalidity of confinement or shorten its duration" are not part of "core" habeas and need not be brought as such). Although *Wilkinson* involved state prisoners, the force of its reasoning applies equally to federal prisoners like Davis. *See id.* at 87, 125 S.Ct.

1242 (Scalia, J., concurring) (noting the uniquely undesirable implications of a broad habeas-channeling rule for federal prisoners).

Davis's claim need not be brought in habeas because, if successful, it would only increase the likelihood of a sentence reduction. It would not "necessarily spell speedier release" from custody, *id.* at 82, 125 S.Ct. 1242 (majority opinion). Davis asks to be credited for completing the first step of substance abuse treatment under 18 U.S.C. § 3621(e). Before Davis could receive the sentence reduction incentive provided by that statute, he would have to complete two more steps of the treatment program and satisfy various additional eligibility criteria, *see* 28 C.F.R. § 550.55(b). Even if he did so, the ultimate decision whether to reduce his sentence would be within the complete discretion of the Bureau of Prisons. *See* 18 U.S.C. § 3621(e)(2)(B). The connection between his requested relief and the duration of his custody is too tenuous to come within the narrow habeas-channeling rule of *Wilkinson*.

Nonetheless, I would affirm the dismissal of Davis's Administrative Procedure Act claim as precluded by 18 U.S.C. § 3625, which renders 5 U.S.C. § 702—the statute that grants an APA cause of action—inapplicable to any "determination, decision, or order under" 18 U.S.C. § 3621(e). Davis challenges the Bureau's determination that the New Beginning drug treatment program, because it is not administered by the Bureau, is not a qualifying "residential substance abuse treatment" program for purposes of § 3621(e). His challenge falls squarely within the terms of § 3625. The district court correctly held that APA review is precluded.