[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-14276
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 21, 2011
JOHN LEY
CLERK

D.C. Docket No. 2:10-cv-00086-LGW-JEG

DANNY LEE WRIGHT,

                                        Petitioner-Appellant,

versus

ANTHONY HAYNES,
Warden,

                                        Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(January 21, 2011)

Before HULL, MARTIN and FAY, Circuit Judges.

PER CURIAM:

Danny Lee Wright, proceeding *pro se*, appeals the district court's denial of his 28 U.S.C. § 2241 habeas petition.  In his petition, Wright challenged the Bureau of Prisons's ("BOP") determination that good conduct time cannot be considered in determining whether a prisoner has served enough of his sentence to qualify for participation in the Elderly Offender Home Detention Pilot Program.  On appeal, Wright argues that the district court erred by upholding the BOP's interpretation and by concluding that he was not eligible for the pilot program.  Wright also contends that the BOP's interpretation violates the Administrative Procedure Act, 5 U.S.C. § 551, *et seq.*, because the BOP did not explain its decision not to consider good conduct time.  For the reasons stated below, we affirm.

I.

Wright filed a *pro se* 28 U.S.C. § 2241 petition challenging the BOP's determination that he was not eligible to participate in the elderly offender pilot program.  He argued that the BOP had improperly concluded that his good conduct time could not be considered in determining whether he had served enough of his sentence to qualify for the program.  He asserted that the BOP violated the APA by failing to offer a rational reason for its decision not to consider good conduct time.

2

The district court denied Wright's § 2241 petition. The court observed that the Second Chance Act of 2007, which established the elderly offender pilot program, specified that a prisoner must have served the greater of 10 years or "75 percent of the term of imprisonment to which the offender was sentenced" in order to qualify for the program. The court concluded that "[t]he phrase 'term of imprisonment to which the offender was sentenced' unequivocally refers to the sentence that was imposed by the sentencing court—not the sentence imposed minus any good time credit[] received or anticipated." The court noted that, without consideration of his good conduct time, Wright had served less than 75 percent of his total sentence. Therefore, the court concluded that Wright was not eligible to participate in the pilot program.

## II.

"We review *de novo* the district court's denial of habeas relief under § 2241." *Skinner v. Wiley*, 355 F.3d 1293, 1294 (11th Cir. 2004). An inmate who wishes to challenge how the BOP is interpreting or administering an early release program, rules, or credits may do so under § 2241. *See, e.g.*, *Byrd v. Hasty*, 142 F.3d 1395, 1397 (11th Cir. 1998) (addressing inmate's § 2241 petition challenging the BOP's denial of his request to participate in a drug abuse treatment program).

As part of the Second Chance Act of 2007, Congress directed the Attorney

3

General, in conjunction with the BOP, to establish a pilot program to determine the effectiveness of removing certain nonviolent elderly offenders from BOP facilities and placing them in home detention until the expiration of their sentences. 42 U.S.C. § 17541(g)(1)(A). The Act sets forth a variety of criteria that a prisoner must satisfy to be eligible to participate in the pilot program. *Id.* at (g)(5)(A). The requirement relevant to this appeal is that the offender must have "served the greater of 10 years or 75 percent of the term of imprisonment to which the offender was sentenced." *Id.* at (g)(5)(A)(ii).

We agree with the district court that the phrase, "term of imprisonment to which the offender was sentenced," in 42 U.S.C. § 17541(g)(5)(A)(ii) plainly refers to the term of imprisonment imposed by the district court at sentencing, which does not include any good conduct time. In this case, without consideration of good conduct time, Wright had not completed 75 percent of his term of imprisonment at the time of his eligibility review. Therefore, the district court correctly concluded that Wright was not eligible for the pilot program.

### III.

In civil actions brought pursuant to the APA, we may set aside the agency's action under the APA only if it is arbitrary or capricious. *Warshauer v. Solis*, 577 F.3d 1330, 1335 (11th Cir. 2009); 5 U.S.C. § 706(2)(A). On occasion, federal

courts have chosen to consider APA claims brought in support of a § 2241 habeas petition. *See, e.g., Arrington v. Daniels*, 516 F.3d 1106, 1111-16 (9th Cir. 2008) (addressing prisoners' claim, brought in a § 2241 petition, that the BOP violated the APA when it promulgated a rule that rendered the prisoners ineligible for the residential drug abuse treatment program); *Mora-Meraz v. Thomas*, 601 F.3d 933, 938-43 (9th Cir. 2010) (same); *Bourke v. Hawk-Sawyer*, 269 F.3d 1072, 1073-74 (D.C. Cir. 2001) (explaining that a writ of habeas corpus is the exclusive remedy for a residential drug abuse treatment program claim).

In this case, Wright cannot show that the BOP's rule excluding good credit time from the calculation of a defendant's sentence for purposes of the elderly offender pilot program was arbitrary and capricious because, as described above, the rule was consistent with the plain language of 42 U.S.C. § 17541(g)(5)(A)(ii). As the rule was simply a construction of the applicable statutory language, there was no need for the BOP to offer a further explanation for its decision to exclude good conduct time. Thus, there is no merit to Wright's argument that the rule violates the APA because it is not supported by a rational explanation.[1]

---

[1] Wright briefly suggests that the BOP should have issued a substantive or legislative rule, rather than an interpretive rule. Because Wright failed to raise that argument before the district court, we do not consider it. *See Bryant v. Jones*, 575 F.3d 1281, 1308 (11th Cir. 2009) ("It is well established in this circuit that, absent extraordinary circumstances, legal theories and arguments not raised squarely before the district court cannot be broached for the first time on appeal.").

Accordingly, we affirm.

**AFFIRMED.**